LAURA R. MOTLEY v. W. E. MOTLEY.

(Filed 16 June, 1961.)

1. Marriage § 1—

Marriage is not only contractual between the parties thereto but is a status in which the State has an interest and to which the law has attached certain incidents which may not be abrogated without the consent of the State.

2. Husband and Wife §§ 1, 2—

It is the duty of the husband to support his wife, and public policy will not permit him to contract away this obligation, and therefore a provision in an antenuptial contract relieving the husband of this duty is void as against public policy. G.S. 52-13 relates to the release of interests in property by antenuptial contract and has no bearing whatever on the right of a wife to support.

3. Divorce and Alimony § 18—

Provisions of an antenuptial agreement that neither party would make any demands upon the other with respect to alimony or support of any kind are void and cannot preclude the court from ordering subsistence and counsel fees *pendente lite* upon supporting findings of fact.

4. Same—

Findings supported by evidence warranting the conclusion that the husband had offered such indignities to the wife as to render her condition intolerable and her life burdensome, and that as a result thereof she had moved out of the home, with further findings that she was without means to defray the expenses of the action, *are held* sufficient to support the court's order allowing subsistence and counsel fees *pendente lite* in the wife's action for alimony without divorce, the complaint alleging sufficient facts to constitute a cause of action therefor.

APPEAL by defendant from *Williams, J.,* October Term 1960 of BRUNSWICK.

The plaintiff and the defendant were married on 29 September 1956 in Raleigh, North Carolina, and lived together until 2 November 1959. No children were born of this marriage. The plaintiff instituted this action on 14 July 1960.

The first cause of action set out in the complaint is for alimony without divorce. The second cause of action is to recover the sum of $3,150.00 borrowed by the defendant from the plaintiff and which the defendant promised to repay and now refuses to do so, and for an accounting in connection with the construction of a home at Castle Hayne, Wilmington, North Carolina, now in the possession of the defendant, the title to which is held by the plaintiff and the defendant as tenants by the entireties. The plaintiff alleges that she purchased the lot on which the residence was constructed and paid $1,650.00 therefor, and that she paid $7,876.00 towards the construction of the home.

The plaintiff also alleges, among other things, that after the defendant got possession of all her assets, which according to the complaint amount to $12,676.00, he became indifferent and discourteous to the plaintiff; that he would tell their friends that he did not have to support the plaintiff and that there was nothing she could do about it except to live with him and do his bidding. It is further alleged that in February 1958 the defendant humiliated and embarrassed the plaintiff in front of visitors in the home; that the friends left the home immediately thereafter. That the plaintiff tried to impress upon the defendant the fact that he was ruining their friendship with their friends by his conduct. He then told the plaintiff that "he did not care anything about her except for what she could do for him, that he would continue to bring home the groceries and expect her to cook for him and keep the house but that otherwise he wanted nothing more to do with her. * * * (T)hat if she got any more money for her personal needs she would have to earn it with outside work." That defendant thereafter moved into separate quarters and never had anything further to do with the plaintiff as a wife; that he would not even talk to plaintiff socially except when other persons were present in the home; that his conduct toward her became progressively worse until she moved out of the home on 2 November 1959.

It is alleged that the conduct of the defendant, as alleged, constituted such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome. That while the plaintiff and the defendant were living together she was a faithful and dutiful wife and that the acts of the defendant were without provocation of the plaintiff.

The defendant filed an answer in which he denied the pertinent allegations of the complaint, plead the three-year statute of limitations against the loans the plaintiff alleged she made to him, and plead in bar of plaintiff's right to support an antenuptial agreement entered into by the parties on 24 September 1956, five days prior to their mar-

riage, which agreement, among other things, purports to provide that should the parties disagree and such disagreement should result in a separation, neither party would make any demand upon the other with respect to alimony or support of any kind.

The plaintiff made a motion in the court below for an allowance for her attorneys and for alimony *pendente lite*.

The defendant demurred to the complaint and the plaintiff moved to strike from the answer the defendant's plea in bar. Defendant thereafter withdrew his demurrer to the second cause of action set out in the complaint and the court overruled the demurrer to the first cause of action. The court allowed the plaintiff's motion to strike the defendant's plea in bar.

The matter was heard on the pleadings and the affidavits submitted in support thereof by the respective parties. The court found that the facts set out in the complaint, for the purpose of the motion for allowances only, are true as stated therein. The court further found that "the plaintiff is without property and assets sufficient to provide attorneys' fees and expenses incident to this litigation." Thereupon, the court ordered the defendant to pay into the office of the Clerk of the Superior Court of Brunswick County forthwith, attorneys' fees in the sum of $300.00 for the use and benefit of the attorneys representing the plaintiff, and that the defendant pay into the office of the Clerk of the Superior Court of said county the sum of $35.00 each week, beginning Monday, 24 October 1960, and on Monday of each calendar week thereafter for the support and maintenance of the plaintiff during the pendency of this action.

From this order the defendant appeals, assigning error.

*Herring, Walton & Parker for plaintiff.*
*S. B. Frink for defendant.*

DENNY, J.  The defendant does not except to or assign as error the order of the court below overruling the demurrer to the plaintiff's first cause of action, or to the allowance of plaintiff's motion to strike the plea in bar set out in the defendant's further answer and defense. He appeals only from the order making the allowances hereinabove set out.

In the hearing below the defendant introduced in evidence the antenuptial contract dated 24 September 1956, and relies thereon as a release and a bar to the right of plaintiff to have the court award her attorneys' fees and alimony *pendente lite,* citing G.S. 52-13. This statute reads as follows: "Contracts between husband and wife not forbidden by § 52-12 and not inconsistent with public policy are valid, and any persons of full age about to be married, and, subject to

§ 52-12, any married person, may release and quitclaim dower, tenancy by the curtesy, and all other rights which they might respectively acquire or may have acquired by marriage in the property of each other; and such releases may be pleaded in bar of any action or proceeding for the recovery of the rights and estates so released."

It will be noted that the foregoing statute relates to the release of an interest in property, but has no bearing whatever on the right of a wife to support.

In the case of *Ritchie v. White,* 225 N.C. 450, 35 S.E. 2d 414, *Stacy, C.J.,* speaking for the Court, said: "While it is true that in ordinary transactions married women are permitted to deal with their earnings and property practically as they please or as free traders, *Price v. Electric Co.,* 160 N.C. 450, 76 S.E. 502, still there is nothing in the statutes to indicate a purpose on the part of the General Assembly to reduce the institution of marriage, or the obligations of family life, to a commercial basis. G.S. 52-12; 52-13. It is the public policy of the State that a husband shall provide support for himself and his family. 41 C.J.S., 404; 26 Am. Jur., 934. This duty he may not shirk, contract away, or transfer to another. 41 C.J.S., 407. It is not a 'debt' in the legal sense of the word, but an obligation imposed by law, and penal sanctions are provided for its willful neglect or abandonment. * * *

"There are three parties to a marriage contract — the husband, the wife, and the State. For this reason marriage is denominated a status, and certain incidents are attached thereto by law which may not be abrogated without the consent of the third party, the State. The moment the marriage relation comes into existence, certain rights and duties spring into being. One of these is the obligation of the husband to support his wife. *French v. McAnarney,* 290 Mass. 544, 195 N.E. 714, 98 A.L.R. 530. 'In the public interest the State has ever deemed it essential that certain obligations should attach to a marriage contract, amongst which is the duty of a husband to support his wife. Defendant was therefore shorn of power to enter into any arrangement or contract which would relieve him of such obligation.' * * *'" *McLean v. McLean,* 237 N.C. 122, 74 S.E. 2d 320.

The antenuptial agreement relied upon by the defendant herein is against public policy and is null and void in so far as it undertakes to relieve the defendant from the duty of supporting the plaintiff. The rights of the parties herein to the relief sought must be determined without regard to the contents of the antenuptial agreement. This agreement does not bar the plaintiff from making an application for temporary alimony and attorneys' fees in this action. *Bailey v. Bailey,*

127 N.C. 474, 37 S.E. 502; 26 Am. Jur., Husband and Wife, sections 275 and 326, at pages 881 and 923, *et seq.*

The evidence adduced in the hearing below with respect to the misconduct of the defendant towards the plaintiff is much stronger than the allegations of the complaint with respect thereto. Even so, in our opinion, the findings of fact by the court below are sufficient to support the order from which the appeal was taken, and we so hold. *Barwick v. Barwick,* 228 N.C. 109, 44 S.E. 2d 597.

The cases of *McManus v. McManus,* 191 N.C. 740, 133 S.E. 9, and *Ipock v. Ipock,* 233 N.C. 387, 64 S.E. 2d 283, relied upon by the defendant, are not controlling on the facts in the instant case.

The order of the court below is
Affirmed.