STURGIS, Chief Judge.
The State of Florida has appealed from an order of the Circuit Court for Walton County requiring the state to pay all costs of a proceeding under Section 917.12, Florida Statutes, F.S.A., including a fee fixed by the court for the services of an attorney appointed by the court to represent an alleged criminal sexual psychopathic person, appellee Hobbs, against whom said proceedings were had in accordance with the mandate of the Supreme Court of Florida in Hobbs v. Cochran, 143 So.2d 481 (1962).
In compliance with said mandate and the provisions of law the trial court appointed two psychiatrists who made an examination of and submitted a report touching upon the alleged psychopath, and also appointed legal counsel to represent the accused in said proceedings. The basis for the latter appointment is in the provision of the statute that the accused psychopath “shall have the right to have legal counsel present and assisting him at such hearing.”
Upon consideration of the report of the psychiatrists and the evidence presented on the hearing, the trial court found and determined that appellee Hobbs is a crimi *709 nal sexual psychopath as defined by the statute, and entered a decree committing him to a state mental institution and assessing against the state all costs of the proceeding, including a fee of $500 found to be a reasonable fee to be paid for the services of the court-appointed counsel for the insolvent psychopath.
The sole issue on this appeal is whether the trial court erred in including as part of the costs to be paid by the state said item for the services of said attorney for the accused. Appellant contends that there is no authority for such fee to be paid and that the order is unenforceable because there has been no appropriation of funds with which to discharge the same as required by Section 4, Article IX, Constitution of Florida, F.S.A.
Section 917.12(7), Florida Statutes, F.S.A., provides:
“COSTS. — The state shall defray all cost and expense necessarily incurred by the state in the ascertainment of whether or not such person is a criminal sexual psychopathic person, as well as that incident to his confinement and treatment in a state institution, and where possible, the state may recover the amount so paid from such person, upon a proceeding instituted for that purpose by the state attorney of the county where such person was charged with a criminal offense.”
The general rule in this jurisdiction is that attorney’s fees are not allowable unless provided for by statute or agreement. In re Field’s Estate, 121 So.2d 46 (Fla.App. 1960). The issue here depends, therefore, upon whether the above quoted portion of the statute authorizes the mentioned attorney’s fee to be included as part of the costs payable by the state. We hold that it does, that by necessary implication a reasonable fee for the services of the attorney appointed by the court to represent the accused psychopath is a component part of the “cost and expense necessarily incurred by the state” at such hearings. That part of F.S. § 917.12(2) (d), F.S.A. providing that the accused psychopath shall have the right to have legal counsel present and assisting him at such hearing reiterates the time-honored right of an accused to be represented by counsel of his own employment. It is quite meaningless unless construed to mean, as we hold, that the trial court is required to appoint counsel to represent an indigent person so accused who has not independently procured the services of counsel to represent him in the premises. We will not ascribe to the legislature an intent to compel the appointment of such counsel and deprive him alone of reasonable compensation for his services. Having so held, it is unnecessary to explore the proposition that to hold otherwise would raise provocative constitutional questions touching upon the rights of an attorney whose person and talents are so conscripted.
In Smith v. Smith, 90 Fla. 824, 107 So, 257, the Florida Supreme Court held that the term “suit money” as used in Section 3194, Rev.Gen.Stat.1920, was broad enough to cover solicitor’s fees and all costs of the divorce proceedings pendente lite. The construction is with equal logic applicable to our conclusion that the term “cost and expense necessarily incurred by the state” as used in the statute here involved embraces the subject attorney’s fee no less than other items of necessary expense.
It is unnecessary to ponder the academic question of how the state will discharge the obligation imposed by the decree in question. That is a matter for the legislature to deal with in good conscience and in due course of time. The decree appealed will be complied with when and if funds are appropriated and available for the purpose. Better late than never.
Affirmed.
*710 RAWLS, J., concurs.
CARROLL, DONALD K., J., dissents.