163 So.2d 336 (1964)
Charles F. LINDSAY, Appellant,
v.
Genevieve R. LINDSAY, Appellee.
No. 63-757.
District Court of Appeal of Florida. Third District.
April 7, 1964.
Rehearing Denied May 13, 1964.
*337 Harry O. Traylor and O.B. White, Miami, for appellant.
Daniel Neal Heller, Miami, for appellee.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
The parties, husband and wife, were married on December 24, 1957, prior thereto they entered into an ante-nuptial agreement which provided, in pertinent part:
"7. It is the intention of the parties that in the event of divorce or separation, neither shall make claim upon the property of the other, and the wife, hereby forgoes any legal obligation which might be owed to her at the time of any separation of divorce, that is, alimony, temporary or permanent, attorney's fees, costs, or separate maintenance money, or * * *".
The wife initiated an action for divorce and sought temporary alimony, and attorney's fees. The husband countered that pursuant to the above portion of the ante-nuptial agreement she is not entitled to any alimony or attorney's fees. The chancellor entered an order declaring the above cited portion of the agreement void as against public policy. This interlocutory appeal claims error in that ruling.
Appellant contends that this case is controlled by Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17, and appellee argues that this is a case of first impression. Both positions are partially correct.
Del Vecchio, supra, recognizes the validity of ante-nuptial agreements if they conform to judicially imposed standards. The case specifically holds that dower rights can be contracted away if the court determines there has been adequate provision made for the wife. By implication, the opinion holds that the parties may contractually determine alimony provisions in the event of separation or divorce, but the case does not decide the question of the validity of an ante-nuptial agreement wherein the future wife waives her right to alimony, support, or attorney's fees, and receives nothing in return.
The present agreement imposed no requirements upon the husband. He was relieved of his obligation to support his wife. This is not in conformity with the test laid down by the Supreme Court in Del Vecchio:
"The basic criterion is the element of fairness between the parties, which will be evaluated in the light of the facts touching the husband's property and the question of whether the provisions made for the wife will enable her to live after the dissolution of the marriage ties in a manner reasonably consonant with her way of life before such dissolution and certainly no less comfortably than before the marriage. The element of fairness should, of course, be measured as of the time of the execution of the agreement." 143 So.2d at 20.
The parties may by contract determine what their respective rights will be in the event of separation, but this contract is subject to judicial review.
The husband may not completely relieve himself of his obligation to support *338 his wife. The Del Vecchio case clearly stated that dower, which is a property provision, may be waived by contract, but the court will review that contract to determine whether it is fair to the wife. Del Vecchio did not decide whether the continuing obligation to support a wife could be waived, and for that proposition we must look to the decisions of our sister states.
In Stratton v. Wilson, 170 Ky. 61, 185 S.W. 522 (1916), the Kentucky Court of Appeals considered this question, and decided that a couple may not by contract relieve the husband of his obligation to support his wife. In that case, the wife was paid $25,000 upon the husband's death in lieu of any future claim upon his estate, and the court held that the wife had waived her right to dower, even though the provision in the contract in regard to alimony was void. Our situation is basically similar to Stratton.
Del Vecchio has ruled that dower can be waived, but has not answered the question as to alimony. We answer that question in accordance with Stratton v. Wilson, supra, and the majority of other states.[1]
The New York Court of Appeals in Garlock v. Garlock, 279 N.Y. 337, 18 N.E.2d 521, 120 A.L.R. 1331 (1939) set out the judicial policy, prohibiting a husband from relieving himself of his obligation to support his wife.
"By reason of the marriage relation there is imposed on the husband the duty to support and maintain his wife in conformity with his condition and station in life. [Citations omitted.] Marriage is frequently referred to as a contract entered into by the parties, but it is more than a contract; it is a relationship established according to law, with certain duties and responsibilities arising out of it which the law itself imposes. The marriage establishes a status which it is the policy of the State to maintain. Out of this relationship, and not by reason of any terms of the marriage contract, the duty rests upon the husband to support his wife and his family, not merely to keep them from the poor house, but to support them in accordance with his station and position in life. This works both ways. When he is prosperous, they prosper; when financial misfortune befalls him, the wife and family are also obliged to receive less. The duty of the husband, however, as a matter of policy and as an obligation imposed by law, cannot be contracted away."[2] 18 N.E.2d at 522.
The Supreme Court of Wisconsin in Ryan v. Dockery, 134 Wis. 431, 114 N.W. 820, 821, 15 L.R.A.,N.S., 491, (1908) ruled:
"The law requires a husband to support, care for, and provide comforts for his wife in sickness, as well as in health. This requirement is grounded upon principles of public policy. The husband cannot shirk it, even by contract with his wife, because the public welfare requires that society be thus protected so far as possible from the burden of supporting those of its members who are not ordinarily expected to be wage earners, but may still be performing some of the most important duties pertaining to the social order. Husband and wife may contract with each other before marriage as to their mutual property rights, but they cannot vary the personal duties and obligations to each other which result from the marriage contract itself." [Emphasis supplied.]
It is therefore obvious that although the wife may contract away dower rights, *339 she may not in an ante-nuptial agreement, do the same with regard to support.[3] This is not to say that husband and wife may not enter into a valid separation agreement. Since, by this contract, appellant had no obligation to his wife and never would, we must withhold judicial approval.
Accordingly the order appealed is affirmed.
NOTES
[1] See Annotation, 57 A.L.R.2d 942 for the views of our sister states which are in accord.
[2] Although New York has a statute, § 51 Domestic Relations Law, which prohibits such contracts, the court stated that such a statute was merely a codification of the long established common law.
[3] Motley v. Motley, 255 N.C. 190, 120 S.E.2d 422 (1961); Note, 54 Harvard L.Rev. 473 (1941).