PER CURIAM.
Defendant-appellant takes these consolidated appeals to review an award to the *127 appellee of temporary alimony, attorney’s fees, suit money, alimony pending appeal and taxation of costs.
After having entered into an antenuptial agreement, the parties „on January 20, 1970 were wed. Subsequently, the parties be-’ came separated and appellee-wife filed a complaint for alimony unconnected with divorce in which she sought temporary alimony, suit money, and attorneys’ fees. A hearing was held thereon and on July 28, 1971 the court ordered appellant-husband to pay appellee $1,800 monthly as temporary alimony, and in addition to continue to make the mortgage, taxes, and insurance payments on the marital residence which the appellee occupied. The order was appealed to this court which reversed (256 So.2d 75). Appellee-wife filed a petition for writ of certiorari to the Florida Supreme Court which quashed this court’s opinion and remanded the cause to the trial court to hold an evidentiary hearing for the purpose of considering the ability of the ap-pellee-wife to earn a living and the appropriateness or not of the petitioner working in light of the standard of living of the parties. Pursuant to petitioner-appellee’s motion for order directing compliance with mandate requiring the same chancellor to sit, another hearing was conducted which was confined to evidence of the above issue, all other matters pertaining to the needs of the wife and the ability of the husband to pay alimony having been presented at the 1971 hearing. Several doctors testified on behalf of appellee and a court appointed physician who reviewed her medical history was interrogated by the chancellor with respect to her ability to work. Appellee-wife testified herself that she was unable to work. The hearing concluded and thereafter on June 15, 1973 the chancellor entered his order directing the appellant to pay his wife $1,800 each month (commencing as of June 25, 1971) as temporary alimony and to continue to make the mortgage, taxes and insurance payments on the marital residence, and further awarded appellee $3,000 as reasonable attorney’s fees and $100 as suit money. In addition, on July 25, 1973 the court entered an order taxing costs against the appellant and another order allowing alimony pending appeal. These interlocutory appeals followed.
On appeal, appellant primarily contends that the court failed to follow the opinion and mandate of the Florida Supreme Court (271 So.2d 77) in that it failed to inquire into the needs of the appellee-wife and did not permit appellant to inquire into the needs of the appellee-wife. We cannot agree.
The Supreme Court at page 11 of its opinion expressly states:
“[11] . . . The chancellor’s order for the hearing limited the inquiry fand objections at the hearing consistent with that limitation were sustained) to ‘testimony upon plaintiff’s application for temporary relief . . . confined to the question of reasonable living expenses of the wife and the husband’s ability to pay.’ This restrictive probe necessarily omitted an essential ingredient: her ability to earn and the appropriateness or not at this time of the wife working in the light of their standard of living. This additional proof may or may not change the chancellor’s present findings with respect to the need and ability equation but the determination should be made.” [Emphasis supplied]
Thus, it is abundantly clear that upon remand to the circuit court for further proceedings, the essential issue remaining to be heard was the ability of the appellee to earn and the appropriateness or not of her working in light of the parties’ standard of living and, therefore, the chancellor (before whom the original hearing in this cause was held) was in compliance with the Supreme Court’s mandate when he confined the May 18 and June 15 hearings thereto.
*128 We have considered appellant’s remaining points on appeal and find them to be lacking in merit.
Accordingly, the orders herein appealed are affirmed.
Affirmed.