307 So.2d 918 (1975)
Annabelle G. BELCHER, Appellant,
v.
John A. BELCHER, Appellee.
John A. BELCHER, Appellant,
v.
Annabelle G. BELCHER, Appellee.
Nos. 74-157, 74-188, 74-1056 and 74-1057.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Rehearing Denied February 25, 1975.
*919 Carr & Warren, Miami, for Annabelle G. Belcher.
Horton, Perse & Ginsberg, Milton M. Ferrell, Miami, for John A. Belcher.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The wife, petitioner in the trial court, appeals a final judgment of dissolution of marriage, disallowing an award of alimony. The husband cross-appeals the orders allowing attorneys fees and costs to the wife, and the award of furniture and home furnishings to her.
This matter is now before this court for the second time. The pertinent facts begin on or about January 17, 1970, when the parties began negotiating an antenuptial agreement; they were married on January 20, 1970. After approximately sixteen months of marriage, the wife filed a petition for separate maintenance, and in response, the husband filed a counterclaim for dissolution of the marriage. The question of temporary alimony precipitated a prior appeal in these proceedings.[1] Ultimately, the chancellor granted the petition for dissolution of the marriage; awarded furniture and home furnishings as well as costs and attorneys' fees to the wife; made a determination that the antenuptial agreement was valid and binding; and based on that determination, disallowed alimony to the wife.
The wife now complains that the antenuptial agreement is void because it deprived the court of the power to award alimony upon dissolution of marriage; or in the alternative, if the antenuptial agreement is valid, the court should have modified it in order to provide alimony to the wife commensurate with her needs and the husband's ability to pay.
The husband contends that the agreement is valid; that the wife had already received the fruits of the agreement, and by the terms of such agreement is bound to her waiver of the right to alimony after dissolution of the marriage. He further contends that the trial court erred in awarding to the wife the furniture and furnishings within the marital home which were owned solely by the husband before the marriage and which were not included in the agreement conveying the marital home to the wife; that the court erred in awarding attorneys fees and costs to the wife because she expressly waived suit monies in the agreement.
We have reviewed the facts and the circumstances surrounding the execution of the antenuptial agreement. The order entered by the chancellor states that there was no showing of failure by the husband to make full disclosure of his assets at the time of the execution of the antenuptial agreement nor that the wife was induced to execute the antenuptial agreement as a result of any fraud, deceit *920 or misrepresentation by the husband. Our review of the record discloses a number of other facts which are critical to the issue of the validity of the antenuptial agreement. The parties first met on Christmas day, 1969, and were married on January 20, 1970; prior to the wedding day, negotiations were held to discuss and determine the terms of the antenuptial agreement; in fact, on January 20, the wedding ceremony had to be delayed because the parties were still in the attorney's office negotiating terms, and the agreement was not signed until very late that afternoon; the wife was represented by counsel and she and her attorney both attended and participated in the negotiating sessions and at the execution of the agreement; the marriage lasted approximately sixteen months; by the terms of the agreement and simultaneously with the execution thereof, there was a transfer of the husband and acceptance by the wife of the indicia of title to the property as provided therein, including the marital home of substantial value, stocks and other assets.
In light of these facts and all other facts which were presented to the chancellor, we conclude, as did the chancellor, that the agreement is fair and reasonable and valid. Therefore, the wife's waiver of her right to alimony upon and subsequent to dissolution of marriage is binding on her. Posner v. Posner, Fla. 1970, 233 So.2d 381; Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17; Haynes v. Haynes, Fla. 1954, 71 So.2d 491.
Addressing ourselves to the husband's cross-appeal, it is not disputed that the furniture and furnishings were the property of the husband prior to the marriage; the record shows no evidence of any gift or conveyance of same to the wife. It follows, a fortiori, that the court erred in awarding the furniture and furnishings to the wife.
As to the award of attorney's fees to the wife, by antenuptial agreement of the parties, the wife received from the husband assets of a value in excess of $200,000,[2] for which she covenanted that upon the contemplated marriage being effected such consideration was received by her in lieu of any and all claims she should have against the husband personally and against his property or estate, and in lieu of any and all claims which may or could be made by her against the husband "for alimony, suit money or other maintenance during the lifetime [of the husband]."
When, following separation of the parties in this marriage of short duration, the wife filed an action for alimony unconnected with divorce, the Supreme Court recognized validity of the agreement, but, based on a husband's obligation to support a wife, held that the wife's covenant renouncing "alimony and suit money"[3] was ineffective to preclude her from obtaining the same pendente lite while married and prior to any dissolution of marriage. See Belcher v. Belcher, Fla. 1972, 271 So.2d 7.
Temporary alimony and suit money (including temporary attorney's fees), were received by the wife pendente lite, both in her action for alimony unconnected with divorce and in the proceedings on the husband's counterclaim for dissolution of marriage which superceded it. See Belcher v. Belcher, Fla.App. 1974, 290 So.2d 126.
The allowance of attorney's fees as a claim of the wife against the husband, which the husband seeks to have reversed here, was not made as an allowance pendente lite, but was made upon, and in fact, after the dissolution of marriage. As *921 shown by the judgment and subsequent order, all except $3,000 thereof was in the latter category. It is that excess of attorney's fees allowed over that which was sought and obtained by the wife as temporary fees pendente lite, which we hereby reverse.
The wife's costs of the action, amounting to approximately $6,000.00, were ordered to be paid by the husband, to which the husband objects. It appears from the record that the sum of $1,671.30 was for transcribing the final hearing which was done some four months after the judgment of dissolution for the purpose of this appeal, as well as the sum of $115.00 for certification of the record on appeal to this court. These are not costs taxable in the trial court without specific direction by the reviewing authority; therefore, the same are hereby disallowed. Other costs to which there have been objections are not shown to have been improperly charged to the husband.
Therefore, for the reasons stated and upon the authorities cited, we affirm in part and reverse in part, and remand the cause to the chancellor for further proceedings consistent herewith.
NOTES
[1] See Belcher v. Belcher, Fla. 1972, 271 So.2d 7, and Belcher v. Belcher, Fla.App. 1974, 290 So.2d 126.
[2] See Belcher v. Belcher, Fla.App. 1972, 256 So.2d 75, 76, footnote No. 1, and Belcher v. Belcher, Fla. 1972, 271 So.2d 7, at 14 and 16.
[3] The term "suit money" as so used includes attorney's fees. See Smith v. Smith, 90 Fla. 824, 107 So. 257; Orr v. Orr, 141 Fla. 112, 192 So. 466; State v. Hobbs, Fla.App. 1964, 161 So.2d 708, 709; Harrison v. Harrison, Fla.App. 1965, 178 So.2d 889, 890; Ortiz v. Ortiz, Fla.App. 1967, 208 So.2d 857, 858.