322 So.2d 594 (1975)
Edwin W. YOUNG, Sr., Appellant,
v.
June Rose YOUNG, Appellee.
No. 74-1426.
District Court of Appeal of Florida, Fourth District.
November 21, 1975.
*595 Larry Klein, of Cone, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellant.
S. Robert Zimmerman, Pompano Beach, for appellee.
DOWNEY, Judge.
The sole point on appeal in this case is whether the award of a $12,000 attorney's fee to a wife is proper where a "separate maintenance agreement" between the husband and wife provided for a $500 attorney's fee and where the final judgment expressly found the agreement valid.
To put the case in perspective, it seems that on October 2, 1970, the parties hereto entered into a "separate maintenance agreement" in which the husband agreed to convey to the wife his undivided one-half interest in the marital home worth $113,000, and to pay her $200,000 as lump sum alimony over a period of eight years, and she assumed the burden of supporting the minor children of the parties. The wife also agreed to convey to the husband her one-half interest in his automobile dealership and realty associated therewith. After setting forth the foregoing financial dispositions the agreement provided:
"In the event either of the parties hereto may later commence suit or action for divorce against the other, the parties hereby mutually agree to press no claims contrary in nature to the provisions hereof. The provisions of this agreement, to the extent that they may be acceptable to the Court and consistent with the rules and practice of the Court granting a final decree of divorce or separation, if suit therefor be instituted, shall be incorporated in and merged in such final decree. In the event such action is brought by either party, the Husband agrees to pay for the wife's attorney's fees in the amount of $500.00 and further agrees to pay all of the wife's costs expended in such action, including Court costs."
After the execution of the agreement appellant made some substantial payments to appellee. On May 22, 1973, the appellant filed suit for dissolution and sought enforcement of the agreement. Appellee contended the agreement was obtained from her by force, duress, and overreaching; and in any event it had been abandoned by the parties' subsequent conduct. In a carefully prepared final judgment entered February 11, 1974, the trial court expressly found that the agreement was valid and binding on the parties and incorporated it by reference in the judgment, subject to certain modifications, such as (a) requiring appellant to pay child support, (b) holding that all payments made by appellant subsequent to the date of the separation agreement were to be treated as temporary alimony, (c) holding the installment payments on the $200,000 lump sum alimony provided for in the "separate maintenance agreement" should commence on the date of the dissolution of marriage. The husband did not appeal from the final judgment of dissolution. The wife did appeal from that final judgment, but she ultimately dismissed her appeal.
By stipulation of the parties the question of attorney's fees and costs came on for hearing after the final judgment was entered, and the court awarded the wife and attorney's fee of $12,000 against the husband. In the order allowing said fee the trial judge stated, among other things that:
"The separation agreement of the parties contains a provision limiting the husband's obligation for attorney's fees in the event a divorce is instituted. While such a provision is entitled to great weight, it is not binding upon the court, since the court may accept or reject any or all of a separation agreement if equity *596 requires it.[1] The court finds that equity requires that the said provision be rejected by the court."
Appellant contends that having rejected appellee's attack upon the validity of the agreement, having found it valid, and having incorporated it in the final judgment, the court was not at liberty to disregard the provision relative to the appellant's liability for appellee's attorney's fees. As authority for that proposition appellant relies heavily upon our decision in Zakoor v. Zakoor, Fla.App. 1970, 240 So.2d 193. In Zakoor, relying upon Miller v. Miller, 149 Fla. 722, 7 So.2d 9 (1942), and Underwood v. Underwood, Fla. 1953, 64 So.2d 281, we held the general rule in Florida is that property settlement agreements between husband and wife made in contemplation of a divorce are, in the absence of fraud, coercion, or overreaching, valid and binding on the parties and should be respected by the courts. However, after we decided the Zakoor case, the Supreme Court of Florida decided Belcher v. Belcher, Fla. 1972, 271 So.2d 7. That case holds that if an antenuptial or postnuptial agreement meets the standards set forth in Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17, it is valid and binding as to such provisions as those for permanent alimony, dower, and inheritance, the rights to which accrue after termination of the marriage; however, it is not binding as to such provisions as those for temporary alimony, suit money, and attorney's fees while the marriage is still in existence and the obligation of support still subsists.
If we were dealing with the question of alimony, the foregoing principle would make our decision less difficult because the final judgment of dissolution is the line of demarcation between alimony covenants which are conclusive and binding upon the parties and the court and those which are not. But it is a little more troublesome fitting the question of suit money and attorney's fees into the mold. In Belcher v. Belcher, supra, the court speaks of temporary suit money and attorney's fees. Thus, it would seem quite clear that if appellee had applied to the court for an allowance of temporary attorney's fees, the holding in the Belcher case (assuming all other conditions such as need and ability were existent) would authorize their allowance regardless of the agreement between the parties. To say that the court is bound by the provision of the agreement limiting appellee's attorney's fee to $500 because appellee waited until final hearing to seek the award is to place form over substance.[2] This is so because in a dissolution proceeding the liability of one spouse for payment of the attorney's fees of the other spouse is in the same category as liability for other items of support which predate the entry of a judgment dissolving the marriage. See cases cited at 27A C.J.S. Divorce § 216, note 76, at page 935.
For the foregoing reasons we hold the trial judge was not bound by the provisions of the agreement relative to attorney's fees, and accordingly we affirm the order appealed from.
Affirmed.
MAGER, J., concurs.
OWEN, J., dissents, with opinion.
OWEN, Judge (dissenting).
My views can be stated rather simply. The agreement was valid and the parties ought to abide by it.
NOTES
[1] As the body of our opinion indicates, this is an overly broad statement of the law.
[2] But see Belcher v. Belcher, Fla.App. 1975, 307 So.2d 918.