413 So.2d 453 (1982)
Dempsey BLANTON, Appellant,
v.
Olivia BLANTON, Appellee.
No. 81-744.
District Court of Appeal of Florida, Fifth District.
May 5, 1982.
Edward J. Richardson of Saxon & Richardson, P.A., Melbourne, for appellant.
James R. Dressler, Cocoa Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Dempsey Blanton appeals from an order requiring him to pay his wife's attorney's fees and costs despite a property settlement agreement under which she had specifically assumed this obligation.
Attorney Harvey Poe was retained by Mrs. Blanton to represent her in dissolution proceedings against appellant. They entered into a written agreement whereby Poe agreed to represent Mrs. Blanton for $100 per hour plus anything the court ordered appellant to pay. He requested and obtained a $2,500 retainer. The agreement did not provide that Poe would rebate any amount paid by the wife if he were successful in obtaining his fees from appellant.
On the day before the final hearing, Poe met with Mrs. Blanton and requested that she sign a promissory note for $15,000 and place a mortgage lien against the family house as security for his fees. He informed her that if she did not agree to this arrangement, she should call the judge, get a continuance and find herself another attorney. Mrs. Blanton was in a quandry. She told Poe she would think it over. At 5:00 p.m. that day, she returned to Poe's office and left a note with his secretary discharging him as her attorney. Poe disputes this version of the facts, admitting that he requested the note and mortgage, but contending *454 that he was still willing to proceed without it. He claims he advised Mrs. Blanton that if she had lost confidence in him she should ask for a continuance and get another attorney. It is clear and undisputed, however, that he made no attempt to get the continuance for her.
The next day at the final hearing, appellant and his attorney appeared and announced that he and Mrs. Blanton had settled their differences and had executed a property settlement agreement. Poe, who was present, informed the court that he had been discharged by Mrs. Blanton and that he was there only to protect his claim to fees from the husband. He was not familiar with the agreement and had not participated in its negotiation. The agreement provided that the wife would pay all of her fees and costs.
The trial court exhibited considerable concern about the negotiation of the agreement by the parties. Mr. and Mrs. Blanton had worked out the terms between themselves and neither attorney participated. The trial judge reserved approval of the agreement until he could question Mrs. Blanton about it. The court permitted Poe to introduce testimony and evidence as to the extent and value of his services to Mrs. Blanton.
The trial judge subsequently discussed the agreement with Mrs. Blanton and informed her that she might be liable for Poe's fees. Although she expressed some reluctance to accept any obligation to Poe, she repeatedly insisted that the terms of the agreement were acceptable and she wished to proceed. The court then entered final judgment retaining jurisdiction to award fees and costs.
Subsequently the court entered an order requiring appellant to pay Poe $16,000 in fees and $2,094.03 in costs for a total of $18,094.03. This appeal is from that order. We REVERSE.
The crucial question here is whether the trial court could require appellant to pay the wife's fees when she had executed an agreement waiving any claim to attorney's fees.
As a general proposition, property settlement agreements between the husband and wife, made in contemplation of divorce are, in the absence of fraud, coercion, or overreaching, valid and binding on the parties and should be respected by the courts. Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA 1981); Zakoor v. Zakoor, 240 So.2d 193 (Fla. 4th DCA 1970). However, the Fourth District has recognized that a trial court is not necessarily bound by a provision in a separation agreement limiting the husband's obligation for his wife's attorney's fees. Young v. Young, 322 So.2d 594 (Fla. 4th DCA 1975). We note that the agreement in Young, whereby the husband limited his obligation for his wife's attorney's fees to $500, was a separate maintenance agreement and at the time of execution the eventuality of a divorce was speculative. The principle enunciated in Young, however, is applicable here. The court there explained that in a dissolution proceeding, the liability of one party for payment of the other party's attorney fees is in the same category as liability for other items of support which predate entry of a judgment dissolving the marriage. 322 So.2d at 596. Therefore, where equity requires, a provision in an agreement between the parties whereby one spouse waives or limits his or her obligation for payment of attorney's fees may be disregarded.
In the case before us, however, there is no finding or evidence on which the trial court could have concluded that equity required that the provision be disregarded. Mrs. Blanton was to receive sufficient cash pursuant to the settlement agreement ($46,000) to pay any fees she was legally obligated to pay. She repeatedly expressed her desire to proceed under the terms of the agreement, including the possibility that she might have to pay Poe's fee. We therefore conclude that without a showing of some inequity the trial court could not grant Mr. Poe's petition for an order requiring appellant to pay Mrs. Blanton's attorney's fees.
*455 In light of the recent Florida Supreme Court case of Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1981), which was decided while this appeal was pending, we feel that some mention of the trial court's actual monetary award is necessary. Under the employment contract, Poe and his associate earned $12,687.50[1] in attorney's fees yet the court awarded Poe $16,000 plus costs.
In Rosenberg, the court, in considering the right of an attorney who has been wrongfully discharged to recover for legal services rendered prior to discharge, held that:
An attorney employed under a valid contract who is discharged without cause ... can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee.
409 So.2d at 1021.
Poe's fee was and is therefore limited by his contract with Mrs. Blanton, assuming a wrongful discharge.[2]
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The record reveals that Poe and his associate spent 145 hours on the case and that they split the work evenly. Poe charged $100 an hour, his associate $75 per hour.
[2] The propriety of Mrs. Blanton's discharge of Poe is not presented on this appeal.