467 So.2d 422 (1985)
Mary Geraldine Seder JACKSON, Appellant/Cross Appellee,
v.
James P. SEDER, Appellee/Cross Appellant.
No. 84-34.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
Rehearings Denied May 13, 1985.
Esther A. Zaretsky, West Palm Beach, for appellant/cross appellee.
James P. O'Flarity of Law Offices of James P. O'Flarity, West Palm Beach, for appellee/cross appellant.
DELL, Judge.
This appeal concerns the enforceability of an antenuptial agreement.
Approximately seventeen days before their marriage, appellee gave appellant an antenuptial agreement, which his attorney had prepared, along with a financial statement. Appellant, who had consulted with an attorney a few months earlier when appellee first mentioned an antenuptial agreement, chose not to have the agreement reviewed by independent counsel. The agreement provided that each party agreed to waive, release, and forgo any claim for alimony, any claim to the property of the other, or any claim against the estate of the other. The record demonstrates that appellant knew and appreciated the effect of an antenuptial agreement, and that she entered into the agreement freely and voluntarily after full disclosure of appellee's assets.
The trial court set the agreement aside, finding that appellee's conduct amounted to overreaching, that the agreement shocked the conscience of the court, and that it lacked consideration. The trial court also found that appellant had disposed of certain items "so that she could reside with her husband," and awarded her $5,000 as reimbursement for her losses.
Appellant contends that the trial court erred when it denied her claim for periodic alimony. Appellee cross appeals and contends the trial court erred when it set aside the antenuptial agreement.
We address the issue raised on cross appeal first. The Florida Supreme Court set forth the standards of a valid antenuptial agreement in Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962).

*423 A valid antenuptial agreement contemplates a fair and reasonable provision therein for the wife, or, absent such provision, a full and frank disclosure to the wife, before the signing of the agreement, of the husband's worth, or, absent such disclosure, a general and approximate knowledge by her of the prospective husband's property... .
... .
Inadequacy of provision for the wife does not in itself vitiate an antenuptial agreement. If, when she signed the contract freely and voluntarily, she had some understanding of her rights and had been fully informed by the husband as to his property or if, notwithstanding the husband's failure to disclose, she had or reasonably should have had a general and approximate knowledge of the character and extent of his property she will be bound.
Id. at 20; see also Posner v. Posner, 233 So.2d 381 (Fla. 1970). Appellant's execution of the antenuptial agreement falls squarely within the ambit of Del Vecchio. The record contains no evidence which supports the trial court's conclusion that appellee's conduct amounted to overreaching or that the agreement lacked consideration. Although we recognize that appellant suffered a loss by her remarriage,[1] she did so with full knowledge of the consequences of her acts. Therefore, we hold that the trial court erred when it set aside the antenuptial agreement and when it awarded appellant $5,000.
In view of our holding, we need not decide the issue concerning permanent alimony. Accordingly, we reverse and remand this case to the trial court with directions to vacate the award of $5,000. This holding does not preclude the trial court from awarding attorney's fees to the wife pursuant to its reservation of jurisdiction. See Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Young v. Young, 322 So.2d 594 (Fla. 4th DCA 1975); Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA 184).
REVERSED and REMANDED.
ANSTEAD, C.J., and WALDEN, J., concur.
NOTES
[1] Prior to this marriage, appellant received 5700 per month permanent periodic alimony from her former husband.