LETTS, Judge.
In a property settlement agreement, entered into incident to a marriage breakup, it was provided that “the husband and the wife hereby agree that each will be responsible for their own attorney fees incurred in any action for dissolution of marriage.” Notwithstanding this provision, and the incorporation of the property settlement agreement into the final judgment, the court on a later occasion granted attorney’s fees and costs to the wife. We reverse.
The wife relies on a line of cases holding that a provision in an agreement where one spouse waives or limits his right to attorney’s fees may be disregarded. See Blanton v. Blanton, 413 So.2d 453 (Fla. 5th DCA 1982); Jackson v. Seder, 467 So.2d 422 (Fla. 4th DCA 1985); and Young v. Young, 322 So.2d 594 (Fla. 4th DCA 1975). However, we do not agree that any one of these three cases is applicable to the instant situation.
The final judgment entered into, in the case at bar, only provided that “the court reserves jurisdiction of this cause and the parties thereto for the purpose of enforcement and/or modification of this final judgment.” It did not reserve jurisdiction for the purpose of granting attorney’s fees at a later date. Moreover, the same final judgment incorporated the property settlement agreement without any mention of any deviations therefrom. Indeed, in the closing sentence, “the parties [were] ordered to comply with its terms.” From this scenario we conclude that the court was without jurisdiction, some six months later, to hold a hearing and award attorney’s fees to counsel for the wife.
This cause is reversed and remanded in accordance herewith.
REVERSED and REMANDED.
ANSTEAD and GUNTHER, JJ., concur.