SCHWARTZ, Senior Judge.
 

 Although we agree that the wife was not limited to the $5,000 cap on attorneys’ fees provided by the parties’ ante-nuptial agreement, even though the agreement as a whole was upheld below, see
 
 Belcher v. Belcher,
 
 271 So.2d 7 (Fla.1972);
 
 Johnson v. Johnson,
 
 946 So.2d 1132 (Fla. 1st DCA 2006);
 
 Mulhern v. Mulhern,
 
 446 So.2d 1124 (Fla. 4th DCA 1984);
 
 Blanton v. Blanton,
 
 413 So.2d 453 (Fla. 5th DCA 1982);
 
 Young v. Young,
 
 322 So.2d 594 (Fla. 4th DCA 1975), we find the $305,640.00 in “temporary” fees granted her, essentially for litigating the validity of the prenup, excessive under the pertinent circumstances. See
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997).
 
 [1]
 
 This is the case particularly in light of (a) the “results obtained,” Id. at 698; and the rules (b) that such fees should not be awarded for time and services in excess of those required for the representation in question, see
 
 Miller v. First American Bank and Trust,
 
 607 So.2d 483 (Fla. 4th DCA 1992); and (c) that the purpose of such awards in domestic cases is to accord the respective parties an approximately equal ability and opportunity to retain counsel. See
 
 Cummings v. Cummings,
 
 330 So.2d 134 (Fla.1976);
 
 Bagley v. Bagley,
 
 720 So.2d 582 (Fla. 4th DCA 1998);
 
 Bullard v. Bullard,
 
 380 So.2d 1090 (Fla. 3d DCA 1980). (In this regard, we note that the fees paid to the husband’s lawyer for (successfully) representing him as to the same issues were $138,442.00). Accordingly, the order on appeal is reversed and the case is remanded for substantial reduction of the fee award under review.
 
 [2]
 

 Reversed and remanded.
 

 [1]
 

 . As to the primary factor in such a determination, Rosen, 696 So.2d at 700, there is no doubt that there is a vast disparity in the financial resources of the parties. The wife has obvious needs and the husband, an eminent ability to pay.
 

 [2]
 

 . We do not disturb the $18,963.16 granted for costs.