MARY TROEGER v. E. T. TROEGER

172 So. 473.

Order Entered February 4, 1937.

*Lloyd Z. Morgan,* for Petitioner;

*E. T. Troeger, in pro. per.*

Davis, J.—A petition (duly verified by appellant) is before this Court praying for an order of the Supreme Court requiring the appellee, petitioner's husband (lately divorced), to pay her reasonable sums for alimony, support and maintenance pending appeal, suit money for costs of appeal, and a reasonable attorney's fee for briefing and arguing appellant's cause. No part of the record in the court below has accompanied the petition.

It is discerned, however, from the petition itself that the suit in the court below was one for divorce between appellant and appellee; that the Chancellor·decided the cause in favor of the husband by granting him a divorce; that in the proceeding below a cross complaint by the appellant wife was interposed and denied; that the particular object of the appeal by the appellant wife is to present to the appellant court her contention that the Chancellor erred in confirming the Master's report and in granting her husband a decree of divorce.

Where the wife has won in the Circuit Court the merits of the controversy are *prima facie* with her, and it is only necessary for the wife, in applying for an allowance to defend an appeal from the decree in her favor, to demonstrate to the appellate court that the appellant husband has means wherewith to live and litigate, whereas the wife is without such means, and must have learned counsel in order to properly present her defense of the marital relation for the proper and impartial administration of justice, and to enable the appellate court to be advised by appropriate briefs

and arguments of the rights of the wife. Prine v. Prine, 36 Fla. 676, 18 Sou. Rep. 781, 34 L. R. A. 87.

But it does not follow, as a matter of course, that every time a wife is unsuccessful in obtaining a favorable decree in the Circuit Court in a divorce controversy, whether she was defendant or complainant therein, that the appellate court should extend its aid in prolonging the litigation, by amercing the successful husband with the costs and expenses of her appellate proceedings, as to which no showing is made of the likely success of the appeal, if the erstwhile wife is so aided and the appeal prosecuted.

In the latter class of cases, the application of the appellant wife is addressed to the sound discretion of the appellate court, and she must assume the burden of showing, as a predicate for the granting of the application, that the appeal is taken in good faith and likely to be well founded, and that it is essential that the applicant have the appellate court's aid in order to enable her to have her marital rights properly defended in the appellate proceedings. Duss v. Duss, 92 Fla. 1081, 111 Sou. Rep. 382; Goolsby v. Goolsby, 114 Fla. 578, 154 Sou. Rep. 522; Frohock v. Frohock, 117 Fla. 603, 158 Sou. Rep. 106.

Where the wife is unsuccessful in a divorce suit, allowance of attorney's fees, suit money and temporary alimony is not a matter of right, since it is presumed that divorce decree was correct. To sustain such an allowance in cases where the wife has been defeated on the merits in the court below, it is required that the appellant wife show to the appellate court by references to the record or other appropriate means, that a substantial basis for an appeal exists. Courtney v. Courtney, 108 Fla. 276, 146 Sou. Rep. 229; Woodward v. Woodward, 122 Fla. 300, 165 Sou. Rep. 46; Phifer v. Phifer, 124 Fla. 223, 168. Sou. Rep. 9. Com-

pare: McMillan v. McMillan, 114 Fla. 763, 154 Sou. Rep. 850.

The application of the appellant wife in the present case fails to measure up to the standard of requirement laid down in the cases hereinbefore cited, so the petition will be denied, but without prejudice to the renewal of same in proper form, if appellant shall be so advised.

Ordered accordingly.

ELLIS, C. J., and TERRELL, BROWN, BUFORD, J. J., concur.