FLORENCE RIESNER v. LEO RIESNER.

176 Sou. 765.
Division A.
Opinion Filed October 28, 1937.

*Walsh, Beckham & Ellis,* for Appellant;

*Harold E. Kassewitz* and *Marion E. Sibley,* for Appellee.

PER CURIAM.—This case is before us on application for suit money and alimony. The petition was referred to the Honorable Paul Barns, to make findings of fact as to the faculties of the parties. His report has been submitted to

the Court and has been considered in connection with the record in the cause.

The record shows that the appellant was the movant in the court below when she filed there a suit for divorce. The appellee was defendant there and filed answer and counterclaim, praying for divorce. The final decree held that there were equities to be considered in both the bill of complaint and the counterclaim, but that the equities are in favor of the defendant on his counterclaim and that he is entitled to a divorce from the complainant. So the decree granted the divorce and required the appellee to pay to the appellant the sum of $40.00 per week for the support and care of her minor son, custody of whom was awarded to her, and required appellant to pay the sum of $750.00 solicitor's fees and court costs and awarded to appellant certain personal property.

The report as to the faculties of the parties made by the Honorable Paul Barns, Circuit Judge, is that appellee is worth approximately $25,000.00; that appellant has received since the final decree the sum of $1,680.00 from appellee in addition to attorney's fees and costs; that appellant has received $1,460.00 as rents from property given to her by the appellee; that appellant has paid about $50.00 on mortgage on the property and that the amortization payments due on the mortgage amount to $110.00 per month, which includes principal, interest and taxes; that at the present time, appellant has on hand the approximate sum of $100.00 out of $3,140.00 received by her since the entry of the final decree which was on November 9, 1936.

All matters considered, the judgment of this Court that the appellant, being the movant in the court below, is not in position of a wife who has been forced into court by an original suit brought by the husband, but is entitled to and

is hereby awarded the sum of $200.00 solicitor's fees and the costs of making up transcript of record incident to the appeal here and the filing fee required to be paid in this Court, all of which shall be paid by the appellee.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.