R. E. ROBINSON v. BULA E. CROCKER, a Widow, PALM BEACH ESTATES, J. B. McDONALD, CROWN CORPORATION, LORE ALFORD, as Trustee, and OCEAN BOULEVARD LAND COMPANY.

190 So. 5

Division B

Opinion Filed June 23, 1939

*J. W. Salisbury* and *A. R. Johnson,* for Appellant;

*Wideman, Wardlaw & Caldwell* and *J. Field Wardlaw,* for Appellees.

PER CURIAM.—This is an appeal from an order and decree rendered by Hon. C. E. Chillingworth, Judge of the Fifteenth Judicial Circuit, on October 27, 1938, in the above entitled cause. The order appealed from dealt with a petition filed in said cause by Messrs. Frank J. Wideman, J. Field Wardlaw and Manley P. Caldwell, partners engaged in the practice of law under the firm name of Wideman, Wardlaw & Caldwell, for the adjudication by the Court of the amount due them as compensation for legal service rendered to the plaintiff in said cause, which was contested by the plaintiff. Upon final hearing upon the petition, answer and testimony, the court ascertained and adjudicated the balance due to the petitioners, and decreed that the petitioners have a lien upon the moneys then in the hands of the special master for such balance due, such funds being derived from the foreclosure sale in the above entitled cause. The court taxed the costs one-half against the petitioners and one-half against the respondent. From this order the present appeal was sent out by R. E. Robinson, the plaintiff in the cause. A considerable amount of

oral and documentary evidence was submitted to the lower court for its consideration in the decision of this question and by special order of this Court, on motion made, the transcript of the record on the appeal in the case of Crown Corporation v. R. E. Robinson, reported in 128 Fla. 249, 174 So. 737, was made a part of the record in this appeal.

This matter has been very ably and thoroughly argued and briefed by counsel for the respective parties in this Court. However, no new rule of law is involved; only the application of well settled legal principles to the particular set of facts presented by this record; and no good purpose would be subserved by summarizing the facts as we find them to be in this particular case. Suffice it to say that the chancellor below rendered a well considered and, to our minds, sound opinion in connection with the order made and here appealed from, and which we here approve. The decision of the case depended upon the conclusions reached by the chancellor from evidence and testimony upon which the controversy was submitted by the parties for his consideration, and on his record we would not be authorized to disturb the chancellor's conclusions on the facts, which conclusions have abundant foundation in the evidence; nor does it appear that the Chancellor made any error in his application of the rules of law to such facts.

The order and decree appealed from is therefore affirmed, and the costs in this Court taxed against the appellant, but it is further ordered that the costs of the preparation of the transcript of the record, reasonably incurred, shall be taxed in the lower court after the going down of the mandate, as in the judgment of the chancellor justice in the premises requires as provided in Amended Supreme Court Rule No. 24.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.