## PENELOPE SEAVER FOWNES v. HENRY GAITHER FOWNES

.34 So. (2nd) 875
.March 30, 1948
Rehearing denied May 6, 1948

January Term, 1948
Special Division B

*Patterson & Lloyd* and *Saunders, Buckley & O'Connell,* for
.appellant.

*Horner C. Fisher* and *Edwin T. Osteen,* for appellee.

.BARNS, J.:

This is a case wherein the appellant has failed to establish
to the satisfaction of this Court any assignment of error, and
the decree appealed is affirmed.

Appellant wife has filed in this Court an application for the
allowance of additional attorneys' fees. After a wife has had
.a full and complete hearing before the Chancellor and he has
rendered his final decree upon the equities as between the
parties, there arises a presumption of correctness of the
Chancellor's decree and, when the decree is appealed and af-
firmed, the appellant wife will not be granted an additional
allowance for attorneys' fees after she has already been
granted a reasonable allowance by the Chancellor merely be-
cause she appealed his decree.

To procure an additional allowance from this Court, it must be shown that there is in equity and good conscience a reason why the husband should be further taxed the expense of financing his wife's appeal, notwithstanding the presumption that a proper decree has been entered. See Woodward v. Woodward, 122 Fla. 300, 165 So. 46; Phifer v. Phifer, 124 Fla. 223, 168 So. 9; Troeger v. Troeger, 127 Fla. 53, 172 So. 473; Phillips v. Phillips 142 Fla. 270, 194 So. 786; Wright v. Wright, 142 Fla. 580, 195 So. 201. It must be made to appear that she has not brought a record here in violation of the rules of this Court, particularly Supreme Court Rule 11 (2) (a) and (b), as follows:

"(a) *Guide to Preparation of Record on Appeal.* The questions raised or the grounds of appeal and cross-appeal as reflected in the assignments of error shall control the content of the record on appeal. All pleadings, evidence and other matters not essential to the decision of said question shall be omitted. Formal parts of all exhibits and more than one copy of any document, shall be excluded. Documents shall be abridged by omitting all irrelevant and formal parts.

"(b) Penalty. Failure on the part of counsel or others to abbreviate the record on appeal as thus required will subject them to the payment of such costs as this court may deem proper to impose."

If any doubt arises as to what the record on appeal should contain, such questions may be presented to the lower court for a ruling in accordance with the policy fixed by Supreme Court Rule 11(8) (c), as follows:

"(c) *Appellate and Trial Court May Make Record Speak Truth.* Both the appellant and the trial court shall have power to rule on objections to the contents of the record on appeal and to make such order as unto it shall appear proper to promote the administration of justice and in order to reduce the volume of the record without injustice and yet present to the appellate court the matters complained of."

And Supreme Court Rule 11 (4) (b) and (c) and 11 (11), relating to records on appeal.

The application for an additional allowance for attorneys' fees is denied.

THOMAS, C. J., CHAPMAN and ADAMS, JJ., concur.