73 So.2d 905 (1954)
HORN
v.
HORN.
Supreme Court of Florida. Division B.
July 6, 1954.
Fitzgerald & Wallace, Miami, and Ballinger, Cawthon & Madigan and Victor M. Cawthon, Tallahassee, for petitioner.
Melrin I. Muroff and Richard & Muroff, Miami Beach, for respondent.
DREW, Justice.
A final decree of divorce was entered by the Circuit Court of Dade County, on February 8, 1954, granting a divorce to Alma Horn and requiring the defendant, George Horn, to pay his former wife $15 a week alimony and a specified sum as attorneys fees and other costs. Within the time allowed by law, George Horn filed a notice of appeal in the Circuit Court of Dade County.
After the notice of appeal was filed, the lower Court entered an order requiring the appellant, George Horn, to pay the appellee wife's attorneys $1,000 as temporary counsel fees and costs "needed by the plaintiff to protect and defend her rights upon the appeal brought by the defendant herein." Subsequent to the entry of the above order, another order was entered by the lower Court at the request of the wife adjudging the said George Horn in contempt of Court for failure to pay accumulated alimony payments and other costs which had accrued under the final decree but further providing that the appeal which had been taken should operate as a supersedeas upon the defendant filing a bond in the sum of $1,000, "conditioned to pay the plaintiff all awards hereinbefore made, in the event the decree so appealed from shall be affirmed or the appeal dismissed." *906 Further in this same order, the Court below decreed "that in order that the final decree of this Court and this Order be enforced and the rights of the plaintiff and the minor daughter of the parties be preserved and protected, this Court, upon its own motion, does herewith order that the defendant shall comply with the terms and provisions of the aforesaid final decree and this order before proceeding and perfecting his appeal to the Supreme Court of Florida in this cause."
The filing of the notice of appeal from the final decree transferred jurisdiction of the parties and of the subject matter to this Court. Holland v. State, 15 Fla. 549. Jurisdiction having become vested in this Court upon the recording of the notice of appeal in the lower Court, the jurisdiction of this Court thereupon became exclusive, and the lower Court was wholly without power to take any further action in the cause except, in absence of supersedeas, to enforce the decree which had been previously entered and which constituted the basis for the appeal. See State ex rel. Shrader v. Phillips, 32 Fla. 403, 13 So. 920. For these reasons, therefore, it is quite clear that the Court was wholly without power to enter the order requiring the payment of counsel fees and costs in connection with the appeal. If necessity existed for such temporary counsel fees, the proper forum, under numerous precedents, is in this Court.
Rule 35 of this Court, 30 F.S.A., and Section 59.13, F.S. 1951, F.S.A., provide that every appeal taken to this Court shall operate as a stay or supersedeas upon the conditions set forth in varying circumstances under the rule and statute. Subsection (d) of the rule provides that "if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court" and the elements to be considered are therein set forth. Subsection 59.13 (5), supra, is in accord with the rule. Inherent in the rule and the statute is that the posting of a proper supersedeas bond is a right vested in appellant.
If appellant determines to appeal without posting a supersedeas bond, it is his privilege to do so; but, at the same time, the lower Court has the power to enforce such decree as has then been entered. There is no provision in the law which would authorize the lower Court to compel the appellant to furnish a supersedeas bond as a condition to perfecting his appeal from a final decree which is a matter of right under the Constitution and laws of this State. See Section 59.01, F.S. 1951, F.S.A.; Willey v. Hoggson, 89 Fla. 446, 105 So. 126; Compare Larson v. Higginbotham, Fla. 1953, 66 So.2d 40.
For the reasons herein set forth, the order of April 7, 1954, requiring the payment of $1000 as temporary counsel fees and costs to appellee wife, and the order of May 13, 1954, with relation to the posting of a supersedeas bond and fixing its terms and conditions, are hereby quashed, vacated and set aside with leave, however, to the lower Court to enter such other or further orders as may be necessary to enforce the provisions of the final decree in said cause until such time as appellant husband shall apply for and post an appropriate supersedeas bond under the provisions of the rules of this Court.
Certiorari granted.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.