342 So.2d 83 (1976)
Charles Albert MULLINS, Appellant,
v.
Patricia J. MULLINS, Appellee.
No. 76-1267.
District Court of Appeal of Florida, Fourth District.
November 19, 1976.
Rehearing Denied January 7, 1977.
Harold M. Braxton, Miami, for appellant.
No appearance for appellee.
ALDERMAN, Judge.
This is an interlocutory appeal from an order requiring the husband in a dissolution of marriage suit to pay the costs of preparing a transcript needed for the wife's appeal. The trial court, by its order which is the subject of this appeal, required the husband to deposit $1,300 with the court reporter or make other arrangements to secure the preparation of the transcript.
Fla.App. Rule 3.16(a) provides:
"Cost of Record-On-Appeal. Reasonable costs for preparing the record-on-appeal by the clerk of the lower court may be taxed in the lower court after the filing of the mandate." (emphasis supplied)
*84 Also Fla.App. Rule 3.8, which spells out the power of the lower court after entry of any appeal, in paragraph (b) allows the lower court in its discretion, upon proper notice and hearing, to order the payment of separate maintenance, support or alimony pending appeal. However there is no provision in the Florida Appellate Rules for the lower court to tax the costs of an appeal prior to the filing of the mandate. The language of Fla.App. Rule 3.16(a) is quite clear: Appellate costs may be taxed in the lower court only after the filing of the appellate court's mandate. Robinson v. Crocker, 138 Fla. 727, 190 So. 5 (1939); Burns v. Burns, 153 Fla. 73, 13 So.2d 599 (1943); Belcher v. Belcher, 307 So.2d 918 (Fla. 3d DCA 1975). The trial court's order requiring husband to secure the preparation of the transcript for the wife's appeal is reversed.
Husband raises a second point, contending that the trial court erred in denying his motion below to force his wife to pay half of the property taxes due on the real property owned by them as tenants in common. The record is inadequate to permit any conclusion on this point. We have before us only the assertions in husband's brief. We must affirm. Steinhauer v. Steinhauer, 336 So.2d 665 (Fla. 4th DCA 1976); Hall v. Bass, 309 So.2d 250 (Fla. 4th DCA 1975); Pierson v. Sharp, 283 So.2d 880 (Fla. 4th DCA 1973).
REVERSED in part, AFFIRMED in part, and REMANDED.
CROSS and DOWNEY, JJ., concur.

ON PETITION FOR REHEARING
Appellee-wife contends that she does not seek to tax the costs of this appeal prior to the filing of the mandate. Instead, she contends that she is only seeking to obtain from her former husband the money required for preparation of the record on appeal. In other words she wants suit money so she can prosecute her appeal.
As pointed out in our original opinion, the powers of the lower court after entry of an appeal are set out in Fla.App. Rule 3.8. Paragraph (b) of this Rule allows the lower court in its discretion, upon proper notice and hearing, to order the payment of separate maintenance, support or alimony pending appeal. Just as there is no provision for the lower court to tax costs of an appeal prior to the filing of the mandate, neither is there authorization for the trial court to order one spouse to pay suit money to the other pending appeal.
Whether the trial court's order requiring the husband to deposit $1,300.00 with the court reporter or to make other arrangements to secure the preparation of the transcript was a taxing of the costs of the appeal prior to filing of the mandate or was an award of suit money to the wife pending appeal  in either event it is not authorized under any provision of the Florida Appellate Rules. If the Rule ought to be otherwise it is within the province of the Supreme Court to amend the Rule.
Petition for rehearing DENIED.
CROSS, J., concurs.
DOWNEY, J., dissents, with opinion.
DOWNEY, Judge (dissenting):
We previously published an opinion in this case reversing an order of the trial court directing the appellant husband to advance the sum of $1300 for the court reporter so that the wife could obtain a transcript of the trial testimony in support of her appeal from the final judgment of dissolution. We held that the order amounted to the taxation of costs against the husband prior to the filing of a mandate by the appellate court.
The matter is now before us on the wife's petition for rehearing (she did not favor us with an appellee's brief).
In my opinion, the court should vacate its prior opinion because the issue involved is not the taxation of costs but rather the allowance of suit money pending an appeal in a domestic relations case. Since the trial judge granted the wife's application for the allowance in question we can presume he found a need and the ability to pay. Therefore, the wife would appear to be entitled to suit money to prosecute the appeal.
*85 The only vexing question involved is which court has the authority to allow suit money pending appeal. We know that the appellate court has the authority to allow alimony, support, attorney's fees and suit money pending appeal. Phifer v. Phifer, 124 Fla. 223, 168 So. 9; Braznell v. Braznell, 134 Fla. 228, 183 So. 720. In order to shift the burden of determining such an allowance to the trial court (because its facilities make it better able to make such determination) Fla.App. Rule 3.8(b) was adopted. The rule is remedial and should be liberally construed to effectuate its purpose. Brackin v. Brackin, 182 So.2d 1 (Fla. 1966).
It would seem anomalous to enact an appellate rule to authorize the trial court to determine maintenance, support and alimony pending appeal and yet reserve unto the appellate court the exclusive authority to determine attorney's fees and suit money pending appeal. These needs go hand in hand. The appellant who cannot support herself pending appeal can rarely afford to hire a lawyer to prosecute the appeal or advance the money to pay for the preparation of an expensive record. Accordingly, I would construe Fla.App. Rule 3.8(b) as broad enough to include the allowance of the suit money involved in this case.
Since the majority is unable to afford said rule such a liberal interpretation the appellee wife will simply have to resort to a motion in this court for such an allowance. In that event this court might well relinquish jurisdiction to the trial court to make that determination. It would seem to me that such time consuming and circuitous procedure should be avoided.
For the foregoing reasons I would withdraw our opinion of November 19, 1976, and affirm the order of the trial court awarding appellee suit money of $1300.