SCHEB, Chief Judge.
In dissolving this marriage of approximately two years duration between the husband, age 58, and the wife, age 57, the trial court denied the husband’s request for alimony and attorney’s fees. We find no abuse of discretion in the court’s denial of the husband’s request for alimony, and on that issue we affirm. On the issue of attorney’s fees, however, we reverse.
While the husband had no appreciable assets, he did have the capacity to earn a substantial income. Thus, the trial judge did not abuse his discretion in denying both rehabilitative and permanent alimony to the husband. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The purpose of awarding attorney’s fees in a dissolution of marriage proceeding is to insure that each party will reasonably have the same ability to secure competent legal counsel. Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977). Notwithstanding the husband’s capacity to earn a substantial income, he left the marriage with no appreciable assets and without the present ability to compensate counsel. The wife, on the other hand, had assets in excess of one million dollars and a substantial income. Consequently, the trial court abused its discretion in denying the husband’s motion for attorney’s fees. Peters v. Peters, 366 So.2d 512 (Fla. 2d DCA 1979); Sumner v. Tart, 362 So.2d 344 (Fla. 1st DCA 1978).
Accordingly, we reverse that part of the judgment denying the husband’s request for attorney’s fees. We remand with directions that the trial court enter an order awarding the husband reasonable attorney’s fees both for the services of his attorneys at trial and, pursuant to his motion, for services rendered in this appeal.
GRIMES and CAMPBELL, JJ., concur.