519 So.2d 620 (1988)
Nadine G. NICHOLS, Petitioner,
v.
Louis Allen NICHOLS, Respondent.
No. 70304.
Supreme Court of Florida.
February 4, 1988.
Ernest M. Jones, Jr., Lakeland, for petitioner.
L. Guerry Dobbins, Jr., Lakeland, for respondent.
*621 BARKETT, Justice.
We have for review Nichols v. Nichols, 508 So.2d 379 (Fla. 2d DCA 1987), based on express and direct conflict with Kirchner v. Kirchner, 479 So.2d 157, 158 (Fla. 3d DCA 1985). We have jurisdiction.[1] Art. V, § 3(b)(3), Fla. Const. The issue is the standard for awarding temporary attorney's fees to an impecunious spouse in dissolution proceedings. The district court's succinct opinion held:
The evidence is to the effect that the wife has no present ability to pay substantial attorney's fees and that the husband does have that ability. But this was a request for temporary attorney's fees, and there has been no showing by the wife that she does not have the ability to be represented by counsel. We cannot say that under the circumstances of this case the trial court at this stage abused its discretion.
508 So.2d at 379.
We approve the result reached by the district court, as the record reflects no abuse of discretion by the trial court in this case.
However, the opinion below appears to suggest erroneously that a spouse can be denied attorney's fees solely because the request was made at a temporary-fee hearing wherein the spouse was represented. We cannot accept this conclusion. By appearing at the hearing with a lawyer, a requesting spouse does not necessarily refute his or her need for attorney's fees. Such a rationale, if adopted by this Court, would mean that the requesting spouse as a matter of sheer formality must appear pro se in order to be entitled to temporary attorney's fees. This test would elevate form over substance and could wreak additional legal havoc upon the pro se litigant appearing at such a hearing. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we expressly recognized the underlying rationale for an award of attorney's fees in dissolution proceedings:
[T]he purpose of section 61.16, Florida Statutes, was to ensure that both parties [to a dissolution] will have similar ability to secure competent legal counsel.

Id. at 1205 (emphasis added).[2]
While some attorneys might be inclined to undertake representation without initial compensation, other capable attorneys may be unwilling to assist an impecunious spouse beyond a temporary hearing based on speculative fees that may be awarded many months later. It can hardly be said that both parties will have similar ability to secure competent legal counsel when one is limited to hiring only those lawyers who are willing to defer their fees until the final hearing.
Section 61.16, Florida Statutes (1985), states in pertinent part that
[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
(Emphasis added.) Moreover, the equitable considerations underlying our dissolution law, see § 61.011, Fla. Stat. (1985), compel the trial court to mitigate the harm an impecunious spouse would suffer where the other spouse's financial advantage accords *622 him or her an unfair ability to obtain legal assistance.
Under section 61.16, it is irrelevant that the legal fees in question are temporary or final or that a spouse appears at a hearing with counsel. Where one spouse effectively is unable to pay for legal counsel and the other suffers no similar disability, the very purposes of Florida's dissolution statute are jeopardized and the trial court risks inequity. This conclusion is no less true because the request is for temporary fees.
Thus, the appropriate inquiry and standard to be applied is the same whether the fees requested are temporary or final. See, e.g., Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984); Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984); Johns v. Johns, 423 So.2d 443 (Fla. 4th DCA 1982); Locke v. Locke, 413 So.2d 431 (Fla. 3d DCA 1982). A determination on any other basis would constitute an abuse of discretion. However, we find no such abuse upon this record.
We approve the result reached by the district court.
It is so ordered.
McDONALD, C.J., and SHAW, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., dissents with an opinion, in which OVERTON, J., concurs.
EHRLICH, Justice, dissenting.
While I agree with the substance of the Court's opinion, I dissent only because I do not believe the Court should adjudicate the issue involved, for the reasons articulated in my dissent in Holly v. Auld, 450 So.2d 217 (Fla. 1984).
Footnote 1 acknowledges that the case is moot, but that is not the problem. We not infrequently decide a case which has been mooted by settlement but which has been fully briefed and contains a point of law that should be resolved. See Seaboard Coastline R.R. v. Addison, 502 So.2d 1241 (Fla. 1987). Here the respondent has filed no brief because the case is over as far as he is concerned. Thus the issue before the Court appears in a nonadversarial posture and the Court ought not to be passing judgment on an issue which has been mooted and on which we have been favored with the view and position of one of the litigants but not the other party. The opinion has precedential value despite the fact that the issue resolved appears before the Court in a nonadversarial posture.
I would therefore relinquish jurisdiction on the suggestion of mootness.
OVERTON, J., concurs.
NOTES
[1] We note that this cause has become moot. Shortly after we accepted jurisdiction, the parties entered into an agreement effectively settling the claims raised in the present petition. The trial court accepted this agreement and entered a final judgment incorporating it. We nevertheless exercise our prerogative to review this case because it poses a question of general interest and importance in the administration of law, and is likely to recur. Holly v. Auld, 450 So.2d 217 (Fla. 1984); In re Byrne, 402 So.2d 383 (Fla. 1981), appeal dismissed sub nom, In re Turner, 455 U.S. 1009, 102 S.Ct. 1699, 72 L.Ed.2d 127 (1982); Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961); Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957).
[2] See also Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), review denied, 492 So.2d 1333 (Fla. 1986); Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); Bryan v. Bryan, 442 So.2d 362 (Fla. 1st DCA 1983), review denied, 450 So.2d 485 (Fla. 1984); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981); Fried v. Fried, 390 So.2d 392 (Fla. 2d DCA 1980), review denied, 399 So.2d 1142 (Fla. 1981).