588 So.2d 615 (1991)
Janis G. BOYER, Appellant,
v.
Shannon BOYER, Appellee.
No. 91-544.
District Court of Appeal of Florida, Fifth District.
October 3, 1991.
*616 Kelvin L. Averbuch, Orlando, for appellant.
W. Ford Duane, P.A., Orlando, for appellee.
Demetrios G. Glinos, Orlando, Guardian Ad Litem for Kristen, Shelly, Shannon and Collin Boyer.

ON MOTION FOR APPELLATE ATTORNEY'S FEES AND COSTS
COBB, Judge.
This is an appeal from a dissolution judgment. The appellant has filed a motion with this court seeking an award of temporary appellate attorney's fees and costs for preparation of an appellate transcript. A similar motion was presented to the trial court, pursuant to section 61.16, Florida Statutes (1989) and Florida Rule of Appellate Procedure 9.600(c), and it was denied on the basis that the trial court had no jurisdiction to consider such a motion absent an appellate mandate. See Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986). In Gieseke, the Fourth District held that the trial court had no authority to award attorney fees "for the [wife's cross-] appeal" from a final judgment of dissolution. It was held that in order to obtain fees and costs on appeal, a litigant must first make the request to the appellate court.
We are asked to reverse the trial court's jurisdictional determination and its denial of a stay. We are also asked to remand this cause to the trial court for an evidentiary hearing and an award of an attorney's fee pending appeal and an order directing the appellee husband to pay all clerk and court reporter costs incurred for this appeal. Gieseke is correct. The authority to award attorney's fees and suit money pending appeal resides in the appellate court. As held in Prine v. Prine, 36 Fla. 676, 18 So. 781 (1895), the allowance of temporary alimony, counsel fees, and suit money by an appellate court pending appeal (assuming a proper evidentiary showing) is predicated upon the general equitable jurisdiction of the court. The requirement of the evidentiary showing was reemphasized recently in Sierra v. Sierra, 505 So.2d 432 (Fla. 1987).
Subsequent to Prine, the Florida Supreme Court held that an appellant in a *617 domestic case who is seeking alimony and suit money pending appeal has the burden to show good faith and "reasonable grounds to believe that the appeal will be successful." Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936). Such awards have been granted in other Florida Supreme Court cases. See, e.g., Graves v. Graves, 138 Fla. 589, 189 So. 871 (1939) and Riesner v. Riesner, 129 Fla. 762, 176 So. 765 (1937). In Horn v. Horn, 73 So.2d 905 (Fla. 1954), the court held that the trial court had no power to enter an order requiring the payment of fees and costs in connection with an appeal, but specifically stated: "If necessity existed for such temporary counsel fees, the proper forum, under numerous precedents, is in this court." Horn at 907.
Once a prima facie case has been demonstrated to the appellate court, the better practice is to remand the matter to the trial court for a determination as to any factual disputes and, if an award is equitably indicated, the trial court should determine the amount of that award based upon need and ability since the appellate court is not equipped to conduct evidentiary hearings. See Sierra at 433-434. The standard to be applied by a court in making a determination as to temporary fees is the same as that for final fees. See Nichols v. Nichols, 519 So.2d 620 (Fla. 1988).
Neither Florida Rule of Appellate Procedure 9.600(c) nor section 61.16, Florida Statutes (1989), provides a basis for original trial court jurisdiction over the issue of appellate fees and costs, whether temporary or final. Rule 9.600(c) refers to the retention by the lower tribunal of its jurisdiction in matters that may come before it, not to the acquisition of jurisdiction of appellate fees or costs (prior to mandate) that it never had to begin with. See Mullins v. Mullins, 342 So.2d 83 (Fla. 4th DCA 1976). Although section 61.16 has been said to be the basis for an appellate court to award attorney fees on appeal, it does not vest jurisdiction in the trial court to do so.[1] Indeed, Florida Rule of Appellate Procedure 9.400(b) explicitly states that appellate attorney fees are to be assessed by the appellate court, although it may remand to the trial court for assessment and the latter is the proper tribunal for enforcement. Moreover, Rule 9.400(a) explicitly provides for taxation of appellate costs by the lower tribunal on motions heard within 30 days after issuance of the mandate  but not before.
In view of the clear language in Prine, and the Florida Supreme Court cases which have followed it, it is clear that there is no original jurisdiction in the trial court to award appellate attorney fees or costs prior to mandate. Hence, we agree with the trial court's denial of the motion filed below.
As we read the motion before us, the appellant has failed to demonstrate "reasonable grounds to believe that the appeal will be successful," as required by Phifer, and the motion contains no representation or showing of good faith. Accordingly, the motion for pendente lite fees and costs is denied, as is the appellant's motion to review the trial court's denial of a stay.
COWART, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
In my view, the award of temporary attorney's fees and suit money (costs) sufficient to prosecute an appeal should be awarded in cases where the impecunious spouse needs such an award in order to be able to defend or prosecute an appeal in a dissolution case, and where the other spouse has sufficient financial resources to pay the awards. I question the majority opinion's further requirement that the impecunious spouse (or his/her attorney) must in addition make a showing or allegation that the appeal is being taken or defended in "good faith" and that the issues on appeal have merit. Without a transcript, *618 a conscientious appellate attorney may not be able to file such an affidavit, and the impecunious party, as a layperson, is not in a position to make such an allegation.
The Florida history of interim appellate awards for attorney's fees and suit money in dissolution cases has its roots in the inherent power of the Florida Supreme Court[1] in the days when that court was the only appellate court in this state. The court later evolved a common law rule that temporary attorney's fees and suit money should be awarded an impecunious spouse, as appellant, provided the appeal is "well-founded" (in the sense that there is a reasonable basis to think the appeal will be successful) and provided it is brought in "good faith." Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936).
In Phifer, the court had apparently by a prior order required the appellee/husband to pay $75.00 for a transcript and $100.00 for attorney's fees, for the appellant/wife. The wife then sought additional funds. In order to determine whether the appeal had "merit" and the wife's good faith, the court actually read the transcript and held a hearing. It then affirmed the lower court on the merits of the case and denied further awards to the appellant.
This rather cumbersome procedure of making the cost and fee awards in the appellate court was soon discarded. In Graves v. Graves, 138 Fla. 589, 189 So. 871 (1939), the court remanded the cause to the circuit court to make the determination concerning the amount of cost and fee awards. See also Riesner v. Riesner, 129 Fla. 762, 176 So. 765 (1937). But, the appellate court retained the power and discretion to decide whether the impecunious appellant had made a sufficient showing of merit and good faith. See Troeger v. Troeger, 127 Fla. 53, 172 So. 473 (1937). However, the court said in Troeger that if the impecunious spouse is the appellee defending an appeal by a prosperous appellant, then the appellee should be awarded temporary suit money and attorney's fees simply by making a showing that appellee lacks the means to defend the appeal, and that appellant has such means.
Superimposed upon the common law rules discussed above, are section 61.16, Florida Statutes (1989)[2] and Florida Appellate Rules of Procedure 9.400[3] and 9.600(c).[4] Despite the unqualified language in the statute and rule 9.600(c), case law has established that the trial court has no jurisdiction to award temporary suit money or attorney's fees for an appeal. *619 Horn v. Horn, 73 So.2d 905 (Fla. 1954); Mullins v. Mullins, 342 So.2d 83 (Fla. 4th DCA 1976); Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986).
If the appellate court is the sole forum that has jurisdiction to make an interim appellate attorney's fee and suit money award, two questions arise: how can it make a cost and fee award without an adequate record,[5] and based on what criteria should an award be made? One solution is that devised by the First District Court of Appeal in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977) for plenary appeals. Without regard to whether the impecunious spouse is the appellee or appellant, the court stated it would (without any further showing) provisionally grant an interim award in all cases where the trial court had granted fees and costs at the trial level. It then remands the case to the trial court for the purpose of considering the issues of need, continued financial circumstances, ability to pay, and amounts needed to prosecute or defend the appeal. "Merit" of the cause is not determinative. The court said:
We need not and do not here decide that fee money for appellate services can never be awarded the losing party who otherwise shows the propriety of such an award. See Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936); Valparaiso [Bank & Trust Company v. Sims], 343 So.2d 967 at 971 [(Fla. 1st DCA 1977)].
Dresser, 350 So.2d at 1154.
Short of revisiting Mullins and Gieseke, I would prefer to follow the procedure outlined in Dresser rather than (as the majority opinion does here) bring back and incorporate into section 61.16 and rule 9.400 the old common law rules of Phifer and Troeger, which require a showing of merit and good faith. In the first place, the appellate court lacks the facility to determine whether an appeal has merit or is taken in good faith in advance of reading the briefs and transcripts, and the party applying for interim fees or costs has a similar problem. An appellate court could be put in the position of having to decide the merits of the appeal in order to decide whether to make interim awards, as was the supreme court in Phifer. If an impecunious spouse cannot afford to obtain a transcript or hire an attorney, such a showing may be impossible, as a practical matter; or the appellate court can expect to receive only proforma affidavits signifying little but the required "buzz words": good faith and merit. I agree with Judge Downey. The procedure followed by the majority is circular and cumbersome.[6]
In the second place, the common law rule of Prine and Phifer is contrary to the current statute[7] and the case law which has expounded its philosophy. The purpose of section 61.16 is to ensure that both parties will have similar abilities to secure competent counsel. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). The merits of the case or good faith of a party in bringing a suit or defending one are not relevant issues under the statute or rule. It is also irrelevant under the rules and statute, whether the legal fees sought are temporary or final. Nichols v. Nichols, 519 So.2d 620 (Fla. 1988).
Where one spouse effectively is unable to pay for legal counsel and the other suffers no similar disability, the very purposes of Florida's dissolution statute are jeopardized and the trial court risks inequity. This conclusion is no less true because the request is for temporary fees.
Id. at 622.
The Florida Supreme Court recognized in Prine (almost 100 years ago) that if one party financially cannot afford an appeal the impartial administration of justice in the exercise of appellate jurisdiction could be threatened.
If she has not the means to live and to employ counsel to present her case to the court, so that it may be fully advised as to the merits of her side of the controversy, *620 how can it be said that there is a fair, even-handed impartial administration of justice between her and appellant, who has abundance of means of support, and to employ able and ingenious counsel to present his case in its most favorable aspects.
Prine, 18 So. at 784
It appears to me that the better approach would be for this court to provisionally grant temporary fee and suit money awards in all cases where the trial court has made similar awards, or where a showing is made that the impecunious spouse lacks the financial resources to prosecute or defend an appeal. That is the only way to insure both spouses an equal right to an appeal. The merits of the impecunious spouse's case would not be relevant unless the appeal is shown to be frivolous or vexatious. Unlike awards of attorney's fees and costs at the conclusion of a dissolution appeal, when the merits of the appeal may have some impact on whether the court exercises its discretion to award fees and costs,[8] the merits of the cause should not be a relevant consideration, whether the impecunious spouse is the appellant or the appellee.
In addition, the cause should be remanded to the trial court to make the need and ability to pay determinations, and to set the amounts. See Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983); Dresser. As in cases at the trial level, the interim awards should be limited to those amounts reasonably necessary to handle the appeal process  not necessarily the full appellate fee and costs. In some cases an award may encompass only a retainer fee and/or costs of the transcript. The question is with what must the impecunious spouse be furnished in order to be able to obtain competent counsel and to prosecute or defend an appeal?
In this case, the appellant seeks review of the trial court's denial of attorney's fees and suit money to prosecute this appeal. She also moves this court to make such awards. The trial court awarded appellant costs and attorney's fees below and found that appellee was financially able to pay them. Appellant claims she is unable to afford a transcript, that she has a meritorious case, and that unless she is awarded attorney's fees and costs on an interim basis she will be deprived of her right to appeal.
I would provisionally grant appellant's motion and remand for determination by the trial court of the recommended amounts needed by appellant to take this appeal, appellee's ability to pay same, and the continued disparate financial circumstances of the parties.
NOTES
[1] See, e.g., Sierra v. Sierra, 505 So.2d 432, 433-434 (Fla. 1987); Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983). Actually, the equitable authority of an appellate court to award such fees existed long before the first enactment of statutory authority for such fees in 1945, as shown by the language in Prine.
[1] Prine v. Prine, 36 Fla. 676, 18 So. 781 (1895).
[2] Section 61.16, Florida Statutes provides:

61.16. Attorney's fees, suit money, and costs
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
[3] Florida Rule of Appellate Procedure 9.400 provides:

RULE 9.400 COSTS AND ATTORNEY'S FEES
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise .. .
* * * * * *
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
(b) Attorney's Fees. A motion for attorney's fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's fees may be remanded to the lower tribunal. If attorney's fees are assessed by the court, the lower tribunal may enforce payment.
(c) Review. Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days of rendition.
[4] Florida Rule of Appellate Procedure 9.600 provides:

RULE 9.600 JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
(c) Dissolution of Marriage Actions. In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorney's fees. Review of such orders shall be by motion filed in the court within 30 days of rendition... .
[5] See Sierra v. Sierra, 505 So.2d 432 (Fla. 1987).
[6] See Mullins v. Mullins, 342 So.2d 83, 84 (Fla. 4th DCA 1976) (Downey, J., dissenting).
[7] § 61.16, Fla. Stat. (1989).
[8] Davis v. Davis, 584 So.2d 1117 (Fla. 1st DCA 1991).