586 So.2d 1315 (1991)
Annette Y. MILLER, Appellant,
v.
Claude W. MILLER, Appellee.
No. 91-398.
District Court of Appeal of Florida, Fifth District.
October 3, 1991.
Susan K.W. Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for appellant.
Dwight W. Severs of Holland, Starling, Severs, Stadler & Friedland, P.A., Titusville, for appellee.

ON MOTION FOR COSTS AND FEES PENDING APPEAL
GRIFFIN, Judge.
This matter is before the court on appellant's Motion for Costs and Fees Pending *1316 Appeal. The subject of the appeal is an order of the lower court on appellant's petition for modification of alimony. Appellant has been declared indigent for purposes of appeal and contends that on the alimony of $1,050 she receives she is unable to pay the estimated $1,327.50 for the transcript of the trial below and is unable to pay the estimated $4,625 in attorney's fees necessary to prosecute her appeal. Appellant apparently[1] sought an award of appellate costs and fees below, which the trial court denied on the ground that an order for interim fees and transcript costs was violative of Florida Rule of Appellate Procedure 9.400.
Appellant now seeks relief in this court, relying on the language of section 61.16, Florida Statutes (1989) which provides:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
Section 61.16 is the authority for an appellate court to award fees for appeal of a chapter 61 proceeding. Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983).[2] Under section 61.16, it is irrelevant whether the amounts sought are temporary or final. Nichols v. Nichols, 519 So.2d 620, 622 (Fla. 1988). Appellee contends this court is without the power to enter orders for temporary suit money or attorneys fees, relying principally on Mullins v. Mullins, 342 So.2d 83 (Fla. 4th DCA 1976). However, because Mullins v. Mullins dealt with a trial court's attempted award of interim costs and because section 61.16 was not discussed in Mullins, we conclude it is inapposite to the issue presented in this case. Cf. Horn v. Horn, 73 So.2d 905, 906 (Fla. 1954). Florida appellate courts historically have had the power to make such interim orders, the broad language of section 61.16 appears to authorize such orders, and we can find nothing in the appellate rules to the contrary.
Although Florida appellate courts have the power to make such orders, it has long been held that when such interim awards of costs and fees on appeal are sought by the appellant, it is appropriate for the appellate court initially to determine whether the appeal is brought in good faith and whether there are reasonable grounds to believe the appeal may be successful. Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936); Troeger v. Troeger, 127 Fla. 53, 172 So. 473 (1937).[3] This seems a reasonable limitation and, in the present case, a showing has *1317 been made that is adequate to convince this court to authorize an interim award to pay the cost of preparing the transcript so that appellant may obtain review of the lower court's order. We conclude an adequate showing has not been made to warrant an interim award of attorney's fees. In our view, the showing required for an award of the cost of the transcript is far less than would be necessary for a temporary award of fees because the transcript is essential to judicial review.[4]
Since this court is not well equipped to make factual findings concerning the current relative financial condition of these parties, we will follow the same procedure utilized by this court in determining fee applications after appeal, and refer this matter to the trial court for a determination of appellant's request for costs of the transcript in accordance with Nichols v. Nichols.[5]
REMANDED for further proceedings.
COBB, J., concurs.
W. SHARP, J., dissents in part with opinion.
W. SHARP, Judge, dissenting in part.
In my view, the award of temporary attorney's fees and suit money (costs) sufficient to prosecute an appeal should be awarded in cases where the impecunious spouse needs such an award in order to be able to defend or prosecute an appeal in a dissolution case, and where the other spouse has sufficient financial resources to pay the awards. I question the majority opinion's further requirement that the impecunious spouse (or his/her attorney) must in addition make a showing or allegation that the appeal is being taken or defended in "good faith" and that the issues on appeal have merit. Without a transcript, a conscientious appellate attorney may not be able to file such an affidavit, and the impecunious party, as a layperson, is not in a position to make such an allegation.
The Florida history of interim appellate awards for attorney's fees and suit money in dissolution cases has its roots in the inherent power of the Florida Supreme Court[1] in the days when that court was the only appellate court in this state. The court later evolved a common law rule that temporary attorney's fees and suit money should be awarded an impecunious spouse, as appellant, provided the appeal is "well-founded" (in the sense that there is a reasonable basis to think the appeal will be successful) and provided it is brought in "good faith." Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936).
In Phifer, the court had apparently by a prior order required the appellee/husband to pay $75.00 for a transcript and $100.00 for attorney's fees, for the appellant/wife. The wife then sought additional funds. In order to determine whether the appeal had "merit" and the wife's good faith, the court actually read the transcript and held a hearing. It then affirmed the lower court on the merits of the case and denied further awards to the appellant.
This rather cumbersome procedure of making the cost and fee awards in the appellate court was soon discarded. In Graves v. Graves, 138 Fla. 589, 189 So. 871 (1939), the court remanded the cause to the circuit court to make the determination concerning the amount of cost and fee awards. See also Riesner v. Riesner, 129 Fla. 762, 176 So. 765 (1937). But, the appellate court retained the power and discretion to decide whether the impecunious appellant had made a sufficient showing of *1318 merit and good faith. See Troeger v. Troeger, 127 Fla. 53, 172 So. 473 (1937). However, the court said in Troeger that if the impecunious spouse is the appellee defending an appeal by a prosperous appellant, then the appellee should be awarded temporary suit money and attorney's fees simply by making a showing that appellee lacks the means to defend the appeal, and that appellant has such means.
Superimposed upon the common law rules discussed above, are section 61.16, Florida Statutes (1989)[2] and Florida Appellate Rules of Procedure 9.400[3] and 9.600(c).[4] Despite the unqualified language in the statute and rule 9.600(c), case law has established that the trial court has no jurisdiction to award temporary suit money or attorney's fees for an appeal. Horn v. Horn, 73 So.2d 905 (Fla. 1954); Mullins v. Mullins, 342 So.2d 83 (Fla. 4th DCA 1976); Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986).
If the appellate court is the sole forum that has jurisdiction to make an interim appellate attorney's fee and suit money award, two questions arise: how can it make a cost and fee award without an adequate record,[5] and based on what criteria should an award be made? One solution is that devised by the First District Court of Appeal in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977) for plenary appeals. Without regard to whether the impecunious spouse is the appellee or appellant, the court stated it would (without any further showing) provisionally grant an interim award in all cases where the trial court had granted fees and costs at the trial level. It then remands the case to the trial court for the purpose of considering the issues of need, continued financial circumstances, ability to pay, and amounts needed to prosecute or defend the appeal. "Merit" of the cause is not determinative. The court said:
We need not and do not here decide that fee money for appellate services can never be awarded the losing party who otherwise shows the propriety of such an award. See Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936); Valparaiso [Bank & Trust Company v. Sims], 343 So.2d 967 at 971 [(Fla.App. 1st DCA 1977)].
Dresser, 350 So.2d at 1154.
Short of revisiting Mullins and Gieseke, I would prefer to follow the procedure outlined in Dresser rather than (as the majority *1319 opinion does here) bring back and incorporate into section 61.16 and rule 9.400 the old common law rules of Phifer and Troeger, which require a showing of merit and good faith. In the first place, the appellate court lacks the facility to determine whether an appeal has merit or is taken in good faith in advance of reading the briefs and transcripts, and the party applying for interim fees or costs has a similar problem. An appellate court could be put in the position of having to decide the merits of the appeal in order to decide whether to make interim awards, as was the supreme court in Phifer. If an impecunious spouse cannot afford to obtain a transcript or hire an attorney, such a showing may be impossible, as a practical matter; or the appellate court can expect to receive only proforma affidavits signifying little but the required "buzz words": good faith and merit. I agree with Judge Downey. The procedure followed by the majority is circular and cumbersome.[6]
In the second place, the common law rule of Prine and Phifer is contrary to the current statute[7] and the case law which has expounded its philosophy. The purpose of section 61.16 is to ensure that both parties will have similar abilities to secure competent counsel. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). The merits of the case or good faith of a party in bringing a suit or defending one are not relevant issues under the statute or rule. It is also irrelevant under the rules and statute, whether the legal fees sought are temporary or final. Nichols v. Nichols, 519 So.2d 620 (Fla. 1988).
Where one spouse effectively is unable to pay for legal counsel and the other suffers no similar disability, the very purposes of Florida's dissolution statute are jeopardized and the trial court risks inequity. This conclusion is no less true because the request is for temporary fees.
Id. at 622.
The Florida Supreme Court recognized in Prine (almost 100 years ago) that if one party financially cannot afford an appeal the impartial administration of justice in the exercise of appellate jurisdiction could be threatened.
If she has not the means to live and to employ counsel to present her case to the court, so that it may be fully advised as to the merits of her side of the controversy, how can it be said that there is a fair, even-handed impartial administration of justice between her and appellant, who has abundance of means of support, and to employ able and ingenious counsel to present his case in its most favorable aspects.
Prine, 18 So. at 784.
It appears to me that the better approach would be for this court to provisionally grant temporary fee and suit money awards in all cases where the trial court has made similar awards, or where a showing is made that the impecunious spouse lacks the financial resources to prosecute or defend an appeal. That is the only way to insure both spouses an equal right to an appeal. The merits of the impecunious spouse's case would not be relevant unless the appeal is shown to be frivolous or vexatious. Unlike awards of attorney's fees and costs at the conclusion of a dissolution appeal, when the merits of the appeal may have some impact on whether the court exercises its discretion to award fees and costs,[8] the merits of the cause should not be a relevant consideration, whether the impecunious spouse is the appellant or the appellee.
In addition, the cause should be remanded to the trial court to make the need and ability to pay determinations, and to set the amounts. See Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983); Dresser. As in cases at the trial level, the interim awards should be limited to those amounts reasonably necessary to handle the appeal process  not *1320 necessarily the full appellate fee and costs. In some cases an award may encompass only a retainer fee and/or costs of the transcript. The question is with what must the impecunious spouse be furnished in order to be able to obtain competent counsel and to prosecute or defend an appeal?
In this case the impecunious spouse, appellant Miller, has been declared indigent for purposes of this appeal. If she is indigent, she can obviously pay neither for a transcript nor for her attorney's fees. I would grant both provisionally and remand to the trial court to set the amounts, based on findings of continued need and ability to pay.
NOTES
[1] The request is alluded to in the order on rehearing but is not part of the record before this court.
[2] The holding in Vinson v. Vinson, 139 Fla. 146, 190 So. 454 (1939) denying alimony and suit money incident to the appeal of a modification proceeding, appears to have been superseded by statutory amendment. When Vinson was decided, the only statutory authority for an award of suit money was contained in section 4986 C.G.L. (1927) and it authorized fees and suit money only for the divorce. Thereafter, and prior to 1971, the statutory authority for an award of suit money and attorney's fees for proceedings after divorce was contained in section 61.15, Florida Statutes (1969) and was limited to enforcement proceedings. The inclusion of modification proceedings in the present statute occurred in 1971, when the prior sections 61.15 and 61.16 were combined, substantially rewritten and renumbered as section 61.16, Florida Statutes.
[3] We have identified no Florida case that permits an award of fees or suit money to an impecunious appellant without this "good faith" showing. The dissent relies on Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977); however, in Dresser the appellate court had decided the merits of the appeal (in favor of the impecunious spouse). The Dresser court's use of the phrase "provisional attorneys fees" referred to the appellate court's post decision determination of entitlement based on the trial court's fees award decision, not, as we are facing here, a decision to order an appellee to pay fees and costs before the merits of the appeal are decided. Also, in Dresser the impecunious spouse was the appellee. The same Florida decisions that require a good faith showing by an appellant recognize the appellate court's power to award interim fees and costs to an appellee without a good faith showing; the fact that appellee prevailed below serves that purpose.
[4] It is not uncommon in this court that a judgment of the lower court in a divorce case is summarily affirmed because the appellant, claiming financial impossibility, has failed to bring a record for this court to review.
[5] Unless the financial status of the parties has changed since the entry of the order appealed, appellee may conclude that requiring the trial court to go through this exercise would be wasteful.
[1] Prine v. Prine, 36 Fla. 676, 18 So. 781 (1895).
[2] Section 61.16, Florida Statutes provides:

61.16. Attorney's fees, suit money, and costs
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
[3] Florida Rule of Appellate Procedure 9.400 provides:

RULE 9.400 COSTS AND ATTORNEY'S FEES
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise .. .
* * * * * *
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
(b) Attorney's Fees. A motion for attorney's fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's fees may be remanded to the lower tribunal. If attorney's fees are assessed by the court, the lower tribunal may enforce payment.
(c) Review. Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days of rendition.
[4] Florida Rule of Appellate Procedure 9.600 provides:

RULE 9.600 JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
(c) Dissolution of Marriage Actions. In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorney's fees. Review of such orders shall be by motion filed in the court within 30 days of rendition... .
[5] See Sierra v. Sierra, 505 So.2d 432 (Fla. 1987).
[6] See Mullins v. Mullins, 342 So.2d 83, 84 (Fla. 4th DCA 1976) (Downey, J., dissenting).
[7] § 61.16, Fla. Stat. (1989).
[8] Davis v. Davis, 584 So.2d 1117 (Fla. 1st DCA 1991).