622 So.2d 573 (1993)
Edgar T. PLYLER, Appellant,
v.
Frances S. PLYLER, Appellee.
No. 92-1221.
District Court of Appeal of Florida, Fifth District.
August 6, 1993.
*574 Charles R. Trulock, Jr., Orlando, for appellant.
F. Douglas McKnight, Orlando, for appellee.
COBB, Judge.
Edgar Plyler appeals from a final judgment of dissolution of his marriage to Frances Plyler. He argues the trial court erred in setting the valuation date for marital assets, in ordering him to maintain a $50,000 life insurance policy to secure her vested interest in his retirement plan, in making an equitable distribution of marital assets, and in requiring him to pay one-half of Frances' attorney's fees and costs. The trial judge did not make express factual findings in regard to the equities between the parties as required by section 61.075(3), Florida Statutes (1991), which was enacted to facilitate meaningful review by the appellate court.
As we did in Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993), we reverse the final judgment below, except as to the dissolution of the marriage, and remand to the trial court to include the specific factual findings now required by the applicable statute.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SANDERS, E.P.B., Associate Judge, concurs.
W. SHARP, J., concurs in part, dissents in part with opinion.
W. SHARP, Judge, specially concurring in part, and dissenting in part.
The petition for dissolution in this case was filed on August 5, 1991, and the contested trial took place on December 13, 1991 and January 27, 1992. The final judgment from which this appeal by Edgar Plyler (the former husband) is brought, was rendered March 20, 1992. Thus there is no doubt but that the amendments to section 61.075(3), which require findings and valuation of marital assets in contested cases[1] applies to this case. The amendments went into effect on July 1, 1991.
My problem is that the statute was not called to the attention of the trial judge by either party. And further, neither raised it as a point on appeal. In such a case, I question whether we should reverse and remand on this basis.[2] And, if we do, at least we should address some of the points raised by appellant, thereby affording the trial court the opportunity to correct any other errors on remand, and possibly avoid a second appeal.
In this case, the trial judge made a finding that the former husband's Martin company retirement and profit sharing plans were marital assets. The court "equitably distributed" those assets, partially to the *575 former wife by decreeing that she would receive a vested interest of $870 per month. The former husband was required to secure her interest in these plans by making her the irrevocable beneficiary of a $50,000 life insurance policy for his lifetime. No value was found for the Martin funds as a whole, although the wife's apportioned share could be surmised as being worth $50,000, since that was the value set for its security.
The judgment further awarded the former wife a residence located in Orlando and the former husband a farm property located in Putnam County. These properties were likely marital assets also, although the court made no such express finding nor any finding as to their valuations. However, it awarded the former wife $15,000 lump sum alimony "as equitable distribution." It was payable by the former husband within ninety days, or at the rate of $200 per month with twelve percent interest. The former husband was also required to pay one-half of the former wife's attorney's fees and costs.
Appellant first argued on appeal that the trial court erred in selecting as the appropriate valuation date for marital assets the date the dissolution petition was filed. This is the date set by section 61.075(6), unless special circumstances unique to the particular case make another date more appropriate. The court in this case made no such finding, and I cannot say it abused its discretion in this regard.[3]
Second, appellant argued the trial court should not have required the former husband to obtain a life insurance policy to "secure" the wife's vested interest in his retirement plan. In Sobelman v. Sobelman, 541 So.2d 1153 (Fla. 1989) the court held that a spouse could be required to purchase life insurance to secure an award of alimony and (in that case), as "an integral part of the equitable distribution and support scheme," pursuant to section 61.081(3), provided the financial impact on the obligated spouse for such a policy was considered. In this case the award appears to be an essential part of the court's equitable distribution of assets and the primary mechanism to provide support for the former wife. But we cannot review the financial impact aspects of this judgment on the former husband because no such findings were made. Nor do we know the value of the wife's vested interest, which is sought to be secured by it. On remand, evidence pertinent to these issues should be adduced, and appropriate findings made.
Thirdly, the appellant argued that the trial court awarded too large a share of the marital assets to the former wife because it considered too harshly the marital misconduct of the husband. As noted above, since no findings about the valuation of the marital assets were made by the trial court, we do not know whether the trial judge intended to make an equal or an unequal distribution of marital assets. That should be done, on remand. And, to justify the equitable distribution of marital assets (be it equal or unequal), the trial court should also refer to the factors set out in section 61.075(1). In my view, not all of the factors listed in section 61.075(1)(a) through (h) are relevant in each case, nor is each entitled to equal weight in all cases. Further, they are not exclusive, since subsection (i) provides the court may consider any additional factors "necessary to do equity and justice between the parties."
Finally, appellant argues the trial court erred in awarding one-half the wife's attorney's fees and costs to the former wife. Since the husband's health, financial and economic circumstances appear considerably better than the former wife's, I would affirm this award as within the trial court's discretion.[4] The record indicates the wife has been living in poverty and squalor for a long time. She is also in poor health and has been mentally ill for a considerable time period. She has no property other *576 than the assets awarded her in this case, and no other sources of income.
On remand, I would also authorize the trial court to award the former wife a portion of the former wife's appellate attorney's fees if her financial situation relative to her husband's remains the same. At the trial below, she was awarded costs and attorney's fees by the trial court. The record shows she lacks any resources to pay them, and the majority opinion is reversing the income awards made to her below. Thus she appears to me to be a candidate for an award of appellate fees.[5] I respectfully disagree with this panel which has denied her an award of appellate fees for this proceeding.
NOTES
[1] Section 61.075(3), Florida Statutes (1991) provides:

(3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following: ... (including valuation of marital assets).
[2] Reynolds v. State, 516 So.2d 1094 (Fla. 5th DCA 1987) (issue not raised on appeal waived).
[3] Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993).
[4] See, e.g., Cameron v. Cameron, 591 So.2d 275 (Fla. 5th DCA 1991); Pfaffko v. Pfaffko, 559 So.2d 1204 (Fla.2d DCA 1990); Akers v. Akers, 518 So.2d 292 (Fla. 5th DCA 1987).
[5] Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 654 (Fla. 1992); Miller v. Miller, 586 So.2d 1315 (Fla. 5th DCA 1991); Deardoff v. Deardoff, 569 So.2d 917 (Fla. 5th DCA 1990).