563 So.2d 1124 (1990)
Johnnie HUMPHRIES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01374.
District Court of Appeal of Florida, Second District.
July 6, 1990.
PER CURIAM.
Johnnie Humphries appeals the summary denial of his motion for postconviction relief.
Humphries claims that he was offered, and agreed to, a plea bargain calling for a maximum sentence of seven years. In fact, he received a seventeen-year sentence. If these allegations are true Humphries might be entitled to withdraw the plea. See, e.g., Bullard v. State, 477 So.2d 655 (Fla. 2d DCA 1985). The trial court, in its order denying the motion, correctly states that a plea offer from the state is not binding upon the trial judge. Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). However, while a defendant may have no right to enforce a plea bargain, once the court determines it cannot accept the agreement it should permit the defendant to withdraw the plea if he so desires. Devard v. State, 504 So.2d 28 (Fla. 2d DCA 1987). Otherwise the voluntariness of any plea entered in reliance upon the offer may be undercut.
The trial court's order fails to include attachments from the record sufficient to refute Humphries's motion. Accordingly, we remand this case for further proceedings in accordance with Florida Rule of Criminal Procedure 3.850.
Reversed.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.