ORDER ON MOTION TO STRIKE
PER CURIAM.
Appellant moves to strike portions of appellee’s notices of supplemental authority. We grant the motion to strike, in part.
After all the briefs were served, appellee filed a notice of supplemental authority on May 8, 1990. The notice stated that appellee was submitting the case of Scott v. Otis Elevator Co., 524 So.2d 642 (Fla.1988). Appellee attached a copy of the case, stating the “Scott court, applying a principle pertinent to this case, held that a cause of action for wrongful discharge provided statutorily (in Section 440.205, Fla.Stat. (1977)), was ‘a tort.’ ” (emphasis in original).
On May 11, 1990, appellee filed a second notice of supplemental authority, citing the case of Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989). The notice of supplemental authority stated the principle for which the case was submitted and quoted directly from Byrd. Ap-pellee also “submit[ted] that the Byrd court thus holds unequivocally that a ‘tort’ claim embraces common law and statutory cause of action alike.”
Appellant moved to strike material from appellee’s notice of supplemental authority as improper. Rule 9.210(g), Florida Rules of Appellate Procedure, provides in part that “[njotices of supplemental authority, without argument, may be filed with the court before a decision has been rendered to call attention to decisions, rules or statutes which have been discovered after the last brief served in the cause.” Appellant argued that the notices contained discussion of the authority and were subject to a motion to strike.
We grant the motion to strike, in part. It is appropriate for a notice of supplemental authority to indicate the issue pertinent to the point on appeal or to contain a page citation. This enables the court to identify the issues and argument for which the supplemental authority is offered. Any comment about what the court held is argument and will be subject to a motion to strike.
Appellant’s motion is granted in part and the editorial material contained in the notices of supplemental authority is stricken.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.