578 So.2d 23 (1991)
Vaughn E. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2081.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Richard L. Jorandby, Public Defender, and Nancy Perez, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant Vaughn King appeals on the ground that his sentence violated the plea agreement he had with the state. We reverse and remand with directions to the trial judge to give appellant the opportunity to withdraw his plea.
Appellant changed his plea after he and the state agreed that he would be sentenced to six months in the county jail. A presentence investigation was ordered and in the report the Department of Corrections [Department] recommended[1] a three year sentence in state prison. At the sentencing hearing, before appellant was sentenced, he learned of the Department's recommendation and moved to withdraw his plea because the recommendation violated the plea agreement. Appellant's counsel advised the court that at the time of the plea he had explained to his client that there was "no guarantee" that the trial judge would accept the six month sentence.[2] In response, the prosecutor stated that appellant had a right to withdraw his plea if the trial judge would not accept the plea agreement. The trial judge reminded the state and appellant about his comments during the plea colloquy and stated "[f]rom the beginning I never agreed to follow the plea agreement... ." He denied the motion and sentenced appellant to eighteen months in state prison.
A trial judge only accepts or rejects the terms of a plea agreement "[a]fter an agreement on a plea [between the state and *24 defendant] has been reached." Fla.R. Crim.P. 3.171(d). During a plea colloquy, a trial judge may announce that he or she is not bound by the plea agreement. But that announcement does not mean that the trial judge can ignore the terms of the negotiated plea and sentence the defendant as the trial judge sees fit. The announcement means that the trial judge can reject the plea agreement if "other factors (unknown [to him or her] at the time [of his or her acceptance of the plea]) may make his [or her] concurrence impossible." Id. If the trial judge rejects the terms of the plea agreement the defendant must be given the opportunity to withdraw his or her plea. "Otherwise the voluntariness of any plea entered upon [a plea agreement] may be undercut." Humphries v. State, 563 So.2d 1124 (Fla. 2d DCA 1990).[3]
Accordingly, when the Department's recommendation (not known at the time of the plea) made the trial judge's concurrence impossible, he should have rejected the plea agreement and permitted appellant to withdraw his plea. Upon remand, the trial judge shall accept or reject the plea agreement. If accepted, the trial judge shall sentence appellant to six months in the county jail. If rejected, appellant shall be given the opportunity to withdraw his plea and proceed to trial or to renegotiate a plea agreement with the state that will be acceptable to the trial judge.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Sections 921.231(1), Florida Statutes (1989), provide, in part, that the presentence investigation report prepared by the Department of Corrections "shall include: * * * (k) A recommendation as to disposition by the court. It shall be the duty of the department to make a written determination as to the reasons for its recommendation."
[2] We believe appellant understood that his counsel's "no guarantee" statement only meant that the trial judge could reject the plea agreement.
[3] At the sentencing hearing, appellant stated:

THE [APPELLANT]: [W]hen I changed my plea I signed a piece of paper saying that I'd get six months. And now ... they are telling me that I'll get more time  "
* * * * * *
THE [APPELLANT]: Because I signed a piece of paper saying I'm getting six months and that's what I figured I'd get when I came up in front of you.
When the trial judge told appellant that the six months was only a recommendation, appellant responded by stating:
THE [APPELLANT]: Well, see you might have said that but I wasn't really paying attention because from what they told me, I was just going to get the six months and I signed the paper saying it, you know?