PER CURIAM.
Brian Edward Bolger appeals his sentences for burglary of a structure and sexual battery with slight force. Pursuant to the terms of his plea agreement, Bolger pled guilty to both charges in exchange for the State’s recommendation of concurrent sentences. The written plea agreement was recognized by the trial judge who accepted Bolger’s guilty plea. Just prior to sentencing before a different judge, the State apprised Bolger that the portion of the agreement that indicated concurrent sentences would be imposed rather than consecutive was based on a misunderstanding between the victim and the State. Bol-ger immediately sought to withdraw his plea. The sentencing judge denied Bol-ger’s motion, ruling that the two sentences would run consecutively.
When a sentencing judge announces that he or she will not be bound by the terms of a plea agreement, the judge must provide the defendant with an opportunity to withdraw his plea. King v. State, 578 So.2d 23 (Fla. 4th DCA 1991). Accordingly, Bolger’s sentence is reversed and the cause is remanded with instructions to allow Bolger an opportunity to withdraw his plea.
REVERSED and REMANDED with instructions.
GOSHORN, C.J., and HARRIS and PETERSON, JJ., concur.