W. SHARP, Judge.
Demcak appeals from his judgment and sentence of probation imposed after he pled no contest to one count of a scheme to defraud pursuant to a plea bargain.[1] Dem-cak claims the trial court erred in sentencing him to special conditions of probation, which had not been included in the plea agreement; and thereafter by refusing to allow him to withdraw his plea and go to a jury trial. We agree.
Demcak was a partial owner of an automobile repair business, Automotive Plus, Inc. When a former employee of Automotive contacted the state attorney’s office and gave them a sworn statement that the business was engaging in fraudulent automobile repair practices, an extensive and lengthy investigation was conducted by the Palm Bay Police Department. It resulted in the arrest of Demcak and two other employees.
Demcak negotiated a plea agreement with the state, which was read into the record when Demcak entered his no contest plea. The plea included two years probation, the inclusion of standard conditions on the plea form, and several special conditions, one of which required restitution to the Palm Bay Police Department for the costs of its investigation. No other restitution was included in the agreement.
However, Demcak’s attorney advised the court that Demcak was offering to arbitrate any claims made by the public, whether based on fraud or mere dissatisfaction with the automotive repairs received at Automotive. The arbitration was to be conducted by an independent third party, Mediation, Inc. Demcak further offered to personally guarantee any monies which were to be paid by Automotive Plus, and agreed a claimant could take the arbitration award or reject it and bring a civil action.
The judge questioned Demcak about the plea and advised him of the results of making the plea. Demcak’s lawyer requested that the court delay sentencing because the arbitration could take up to sixty days before it was completed. The judge acquiesced in this request.
At the sentencing hearing there was testimony that between four and five thousand dollars had been paid in claims as a result of the arbitration, and that additional repairs to vehicles had been ordered. But in sentencing Demcak, the judge reserved jurisdiction to impose additional restitution to as yet unnamed, unknown victims who had been harmed by Automotive’s fraudulent repair practices. Demcak objected to this provision, but he failed to object to any of the other special conditions of probation, which were read into the record by the trial judge at sentencing.[2]
Demcak argued that the arbitration had been voluntary and had not been part of the plea agreement. He also sought to withdraw his plea. The judge rejected his *521 argument and denied him the opportunity to withdraw his plea.
Where a sentence imposed exceeds that contemplated by a plea agreement, the court is required to afford the defendant an opportunity to withdraw his plea. Forbert v. State, 437 So.2d 1079, 1081 (Fla.1983); Perez v. State, 596 So.2d 487 (Fla. 5th DCA 1992); McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); King v. State, 578 So.2d 23 (Fla. 4th DCA 1991); Kirkland v. State, 575 So.2d 1315 (Fla. 2d DCA 1991); Humphries v. State, 563 So.2d 1124 (Fla. 2d DCA 1990). We agree that the court’s reservation of jurisdiction for continued restitution to the general public, for an unspecified period of time, constituted an additional condition of probation, about which Demcak could not have known at the time he made his plea. However, we find Demcak waived his objections to the other conditions by failing to similarly object to them when they were specifically read to him at sentencing.
However, affording Demcak a remedy in this case may prove more harmful to Demcak than helpful because he has already served a substantial portion of his probation, and withdrawing his plea could result in a trial and a term of imprisonment. Accordingly we direct that this cause be remanded to the trial court to present Demcak with the option of either withdrawing his plea and facing a trial on the charges or living with the plea agreement as written, except for the reservation to impose restitution for arbitrated matters and the general public, which shall be stricken. Demcak shall make his decision known to the trial judge within thirty days after this case is remanded back to the lower court. If he fails to do so, the court shall grant his motion to withdraw his plea and vacate the sentence and judgment appealed in this cause.
REMANDED with directions.
COBB, J., and SANDERS, E.P.B., Associate Judge, concur.

. § 817.034(4)(a)3, Florida Statutes (1991).

. Those unobjected to, special provisions are: prohibiting consumption of alcoholic beverages; prohibiting consumption of controlled substances; prohibiting entry into a bar or liquor lounge; prohibiting driving without a valid driver's license; one hundred hours of community service; counseling; prompt appearance at court; and gainful employment.