PER CURIAM.
Sherman Heidelburg appeared before the circuit court in December, 1991, to face charges of having violated community control. He admitted certain “technical” violations, in exchange for which the state agreed to a sentence of three and one-half years. A new felony charge was pending, however, and the court deferred sentencing until that case was resolved.
Heidelburg next appeared before the court in April, 1992. The pending felony charge had been dropped; thus the court was ready to impose sentence for the VOCC. Unfortunately, at this juncture in the events Heidelburg was represented by a different attorney who was not certain about the extent of the prior plea negotiations. When the three and one-half-year figure was mentioned, the court stated, “The recommendation I’m looking at says four and a half years,” and the prosecutor added that her notes “do not indicate any agreement in this particular case.” The fact, evident from the record, however, is that a negotiated plea had been achieved in December, 1991. That circumstance seems to have eluded everyone, including the trial court, when the parties discussed the effect of sentencing guidelines. The state suggested that Florida Rule of Criminal Procedure 3.701(d)(14) (enhancement for violations of community control) would permit a sentence of up to seven years. The court imposed the seven-year sentence.
When a trial court finds it cannot honor a plea negotiation, it should offer the defendant the opportunity to withdraw the plea. See, e.g., Humphries v. State, 563 So.2d 1124 (Fla. 2d DCA 1990). We therefore remand this matter with instructions to reduce the sentence to the three and one-half years agreed upon in 1991, or allow Heidelburg the chance to withdraw his plea. This is an example of a needless appeal which could have been avoided by more attentive concern for past occurrences.
Reversed.
FRANK, C.J., RYDER and ALTENBERND, JJ., concur.