STEVENSON, Judge.
Appellant, Ralph Deponte, pled no contest to multiple counts of grand theft and burglary of a conveyance. He also pled no contest to a single count of contributing to the delinquency of a minor. The state alleged that four minors (two of whom were appellant’s children) were involved in the commission of these offenses. Deponte entered his plea pursuant to a written agreement with the state which provided for a six month jail term, participation in an alcohol rehabilitation program, two years probation and the payment of restitution and costs.
After the plea was taken, the trial judge inquired as to the whereabouts of appellant’s children. Upon being informed that the children were living with their mother, the trial judge added a special condition to appellant’s *177 probation which prohibited him from having unsupervised contact with the children. When the trial judge announced this special condition, appellant immediately moved to withdraw his plea. Appellant’s request was denied.
On appeal, appellant contends, and we agree, that the trial court abused its discretion when it denied appellant’s request to withdraw his plea. The special condition of probation which prohibited appellant from having unsupervised contact with his children went beyond the terms of the plea agreement which had been negotiated with the state. With regard to probation, the plea agreement provided: “I understand that if I am placed on probation, or community control, I must comply with all general and special conditions of probation or community control.” The state argues that this language left the trial court free to impose whatever special conditions of probation it saw fit. We are unpersuaded by the state’s argument. The agreement does not attempt to designate special conditions of probation nor does it expressly provide that the trial court would retain discretion to impose special conditions.
A plea agreement must be comprehensive, specific and precise; the nature of its terms must not be left to guesswork on the part of the trial or the appellate court. Of course, the parties may always come to definite terms on some items and leave others for the trial court to decide. If the state and the defendant agree that certain matters will be left for the trial court to determine in its sole discretion, the agreement should plainly say so. A court may not look beyond the language employed in a plea agreement to supply terms which could or should have been included, but for one reason or another, were not. See King v. State, 578 So.2d 23 (Fla. 4th DCA 1991); Bolger v. State, 587 So.2d 1184 (Fla. 5th DCA 1991); Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988).
Accordingly, having determined that the trial court abused its discretion in imposing the special condition of probation that appellant have no unsupervised contact with his children, we vacate appellant’s sentence and remand with directions that the trial court either accept the original plea agreement without the special condition, or totally reject it. If the trial court rejects the plea, then appellant should be given the opportunity to either withdraw his plea and proceed to trial or renegotiate a plea agreement with the state that will be acceptable to the trial court. King.
FARMER and PARIENTE, JJ., concur.