PER CURIAM.
Jeffrey Anderson appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Anderson alleges that the court records show that he did not receive all of the credit for time served in county jail prior to his sentencing to which he was entitled. Such a claipi is cognizable in a rule 3.800 proceeding and is facially sufficient. See State v. Mancino, 714 So.2d 429 (Fla.1998). Moreover, Anderson’s claim is not conclusively refuted by the judgment and sentence that the trial court attached to its order. This document only verifies the credit Anderson was actually given and does not refute his claim that he was entitled .to more. Therefore, we reverse and remand. On remand the, trial court shall review the relevant court records, including the .defendant’s jail card, in order to determine if Anderson is in fact entitled to additional credit. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999).
Anderson also alleges that he entered a negotiated plea in exchange for a specific sentence but did not receive that sentence. The trial court denied this claim, finding that it was refuted by the record. Although we affirm on this point because this claim is not cognizable in a rule 3.800 proceeding, we note that the record provided to this court does not refute Anderson’s allegation. This affir-mance is without prejudice to Anderson raising this claim in a motion to withdraw his plea pursuant to rule 3.850. See, e.g., Humphries v. State, 563 So.2d 1124 (Fla. 2d DCA 1990) (holding that defendant may be entitled to withdraw his plea if he does not receive the plea bargain to which he specifically agreed).
*1170 Affirmed in part; reversed in part and remanded.
CAMPBELL, A.C.J., and BLUE and STRINGER, JJ„ Concur.