PARKER, Judge.
The State of Florida appeals the sentence the trial court imposed after Johnny J. Harper pleaded no contest to possession of marijuana.[1] The State argues that the trial court sentenced Harper to probation with a special condition of outpatient drug treatment in violation of section 948.034, Florida Statutes (1999). Because the trial court improperly applied section 948.034, we are compelled to reverse.
The charge in this case arose from police officers’ surveillance of Harper from behind a fence in a yard. Through the *1244 slots in the fence, the officers noticed that Harper was holding some baggies. When they approached Harper, the officers found thirty baggies of marijuana on the back rail of the fence. The State charged Harper with possession of marijuana, a third-degree felony.
Harper originally pleaded not guilty, but subsequently executed a change of plea form. At the plea hearing, defense counsel suggested a downward departure sentence of probation with outpatient drug treatment under section 948.034[2] on the basis of a PAR[3] evaluation which recommended outpatient treatment four days per week during the course of Harper’s supervision. The State argued that because Harper had four prior convictions for either possession of marijuana or possession of cocaine, the trial court was required under section 948.034 to place Harper on probation for not less than thirty-six months as a condition of which the court must require Harper to reside in a community residential drug punishment center for 360 days. The State also claimed that the day and night outpatient treatment did not meet the requirement of residence in a drug treatment center. Defense counsel did not challenge the number of convictions but asserted that some of the convictions were for acts arising from the same criminal episode, which would lessen the time requirements under section 948.034.[4]
*1245 The trial court declined to pursue the issue of the number of prior convictions and determined that it would enter a departure sentence pursuant to section 948.034. The terms of the sentence were an adjudication of guilt and three years’ probation with the special condition that Harper complete PAR day/night outpatient treatment, as well as the aftercare component, which required attendance four times a week for ten weeks. The State filed a timely notice of appeal.
We conclude that the trial court erred in entering a departure sentence under section 948.034 without making a determination of how many prior violations of sections 893.18(l)(a)2., (2)(a)2., (5)(b), or (6)(a) Harper had. If Harper had four qualifying violations as the State asserts, the trial court was required to order Harper to reside at a community residential drug punishment center for no less than 360 days. § 948.034(2)(e). Even if Harper had one prior qualifying conviction, the trial court must require a special condition of at least ninety days of residence in a community residential drug punishment center. § 948.034(2)(b).
Additionally, the court erred in failing to make the required finding of whether a bed was available at a residential facility before sentencing Harper to outpatient treatment. Sections 948.034(2)(b)-(e) provide for varying terms of probation “as a condition of which the court shall require the offender to reside at a community residential drug punishment center.” (Emphasis added.) The use of the mandatory “shall” instead of the permissive “may” signifies that residence at a drug treatment center is required. See Fla. Tallow Corp. v. Bryan, 237 So.2d 308, 309 (Fla. 4th DCA 1970) (“The word ‘shall’ when used in a statute or ordinance has, according to its normal usage, a mandatory connotation.”) (citing Neal v. Bryant, 149 So.2d 529 (Fla.1962)). Furthermore, the plain meaning of the word “residence” suggests more than an outpatient status.
We recognize that under sections 948.034(2)(b)-(e) the mandatory requirement of residential drug treatment is subject to the caveat that “[pjlacement of an offender into a community residential drug punishment center is subject to budgetary considerations and availability of bed space.” Obviously, the trial court cannot order a defendant to reside in a “community residential drug punishment center” if no such centers exist or if the centers are full. However, the trial court below erred by failing to reflect on the record whether it had determined that there were no community residential drug punishment centers with beds available before requiring outpatient drug treatment under section 948.034.
We conclude that these omissions by the trial court constituted an improper application of section 948.034 in this case. Accordingly, we reverse and remand for resentencing at which the court must consider the factors articulated in section 948.034 and make appropriate findings before entering a departure sentence. Because the sentence was the result of a negotiated plea agreement, on remand Harper should be offered the opportunity to withdraw his plea. Heidelburg v. State, 622 So.2d 573, 573 (Fla. 2d DCA 1993).
Reversed and remanded.
BLUE, C.J., and MOORE, CECELIA M., Associate Judge, Concur.

. We note that the plea form inadvertently reflects a plea to the crime of possession with intent to sell marijuana. However, the information, the trial court’s oral pronouncement, and the written judgment and sentence all reflect that the crime charged was simple possession of marijuana in violation of section 893.13(6)(a), Florida Statutes (1999).

.Section 948.034(2), Florida Statutes (1999), provides in pertinent part:
On or after October 1, 1993, any person who violates s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a) may, in the discretion of the trial court, be required to successfully complete a term of probation in lieu of serving a term of imprisonment as required or authorized by s. 775.084, former s. 921.001, or s. 921.002, as follows:
(a) If the person has not previously been convicted of violating s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may be withheld and the offender shall be placed on probation for not less than 12 months, as a condition of which the court may require the offender to comply with one or more of the following terms and conditions:
(b) If the person has been previously convicted of one felony violation of s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may not be withheld and the offender may be placed on probation for not less than 18 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 90 days....
(c) If the person has been previously convicted of two felony violations of s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may not be withheld and the offender may be placed on probation for not less than 24 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 120 days....
(d) If the person has been previously convicted of three felony violations of s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may not be withheld and the offender may be placed on probation for not less than 30 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 200 days....
(e) If the person has been previously convicted of four felony violations of s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may not be withheld and the offender may be placed on probation for not less than 36 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 360 days....

. Operation PAR (Parental Awareness and Responsibility) was founded in 1970 in Pinel-las County and provides integrated substance abuse and mental health services to individuals and families in five counties on Florida's west coast.

. Under section 948.034(4), Florida Statutes (1999), "multiple violations of any provision of chapter 893 which are pending before the court for sentencing at the same time and from the same criminal episode shall be considered as one violation.”